OPINION
{¶ 1} This case is before the court on Plaintiffs-Appellants Chancellor Wheelbarger and Sam Angelo's direct appeal from a trial court judgment granting summary judgment in favor of Defendant-Appellee Nationwide Insurance Company.
 {¶ 2} On August 5, 2000 Ruth Angelo was operating a motorcycle when she was struck and killed by Brenda McKinney, who was driving under the influence of alcohol. McKinney was insured by Liberty Mutual Insurance Company, and her policy provided coverage in the amount of $100,000 per person. Angelo's estate accepted the full $100,000 in settlement of claims against McKinney. Wheelbarger and Sam Angelo each accepted $49,855.22 as estate beneficiaries, and they each actually received $33,188.56 after the payment of attorney fees. Wheelbarger is Ruth Angelo's adult son; Sam Angelo is Ruth's ex-husband and the guardian of their minor son Sammy.
 {¶ 3} At the time of her death Ruth Angelo was insured under two Nationwide policies, each of which provided underinsured motorists coverage (UIM) in the amount of $25,000/$50,000. Additionally, Sam Angelo had a separate Nationwide policy with the same limits. On October 4, 2001 Appellants filed a complaint against Nationwide and others, none of whom are relevant to this appeal.
 {¶ 4} Nationwide moved the trial court for summary judgment. Appellants filed a motion in opposition, to which Nationwide replied. The trial court sustained Nationwide's motion for summary judgment. Appellants filed a timely notice of appeal.
 {¶ 5} Wheelbarger and Angelo's assignment of error:
 {¶ 6} "The trial court erred when it granted appellee Nationwide Mutual Insurance Company's motion for summary judgment."
 {¶ 7} At issue in this appeal is whether money received by estate beneficiaries in a wrongful death action is an amount available for payment under R.C. § 3937.18 such that additional insurers would be entitled to set off that amount against UIM policy limits. We answer in the affirmative.
 {¶ 8} Summary judgment pursuant to Civ.R. 56 should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the nonmoving party. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. When considering a motion for summary judgment, the evidence must be construed in favor of the nonmoving party. Id. Moreover, it is well established that an appellate court reviews summary judgments de novo, independently and without deference to the trial court's determination. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588, 641 N.E.2d 265.
 {¶ 9} Particularly relevant to this appeal is R.C. §3937.18(C), which states in part: "If underinsured motorist coverage is included in a policy of insurance, the underinsured motorist coverage shall provide protection for insureds thereunder for bodily injury, sickness, or disease, including death, suffered by any insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the underinsured motorist coverage. * * * The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." Specifically, at issue on appeal is the meaning of the phrase "amounts available for payment" in the last sentence of that statute.
 {¶ 10} Appellants argue that the money that they received as estate beneficiaries from the tortfeasor's insurer is not available for payment to them for their loss of consortium and loss of support claims and that Nationwide should provide UIM coverage for those claims. Nationwide, on the other hand, insists that it is entitled to set off the amounts that Appellants received against its UIM policy limits.
 {¶ 11} Revised Code Section 3937.18(H) allows automobile liability insurers to limit all wrongful death damages, including loss of consortium and loss of support claims, to a single per-person policy limit. See, e.g., Clark v. Scarpelli91 Ohio St.3d 271, 282-84, 2001-Ohio-39. Specifically, the statute provides that automobile liability insurance policies "may include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim." R.C. § 3937.18(H).
 {¶ 12} The policies in question contain language that limit recovery in this way. The policies state that coverage "for bodily injury for any one person is for all covered damages including all derivative claims by anyone arising out of and due to bodily injury to one person as a result of one occurrence. The per person limit is the total amount available when one person sustains bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims, or any other claims made by anyone arising out of bodily injury, including death, to one person as a result of one occurrence." Thus, the policy clearly does not apply only to one type of claim, but to all claims that arise as a result of one person's bodily injury or death.
 {¶ 13} In Littrell v. Wigglesworth, 91 Ohio St.3d 425,2001-Ohio-87, the Supreme Court addressed a similar issue. There Ginger Karr made a claim against her own insurer for the death of her mother in a car accident. Id. at 433-35. Because Karr, as beneficiary of her mother's estate, received $15, 660.37 from the tortfeasor's insurer, which exceeded the $12,500 limit of her own policy, Karr was not entitled to UIM coverage. Id.
 {¶ 14} However, in that same case Vicki Husk and John Beddow were entitled to UIM coverage from their own insurer even though they had also each received $15,660.37. Id. at 435. Because Vicki had a policy limit of $100,000, she was entitled to coverage of up to $84,339.63. Id. Because John had a policy limit of $50,000, he was entitled to coverage of up to $34,339.63. Id.
 {¶ 15} Similarly, Ernie Pratt, who as beneficiary of his grandmother's estate, accepted $8,000 from the tortfeasor's insurer, was entitled to UIM coverage under his own policy because his limits were $25,000. Id. at 431-32. He was entitled to coverage up to $17,000. Id. at 432.
 {¶ 16} More recently, the Sixth District Court of Appeals has had occasion to apply Littrell in a manner consistent with our decision today. Kotlarczyk v. State Farm, Lucas App. No. L-03-1103, 2004-Ohio-3447. There Carol Kotlarczyk filed a UIM claim with her own insurer for the death of her daughter. Id. at ¶ 7. Although Carol's other two daughters received benefits as estate beneficiaries from the tortfeasor's insurer, Carol did not. Id. at ¶ 6. Accordingly, the court held that Carol was entitled to UIM coverage under her own policy up to her policy limits. Id. at ¶¶ 53-54.
 {¶ 17} Here the Appellants each accepted $49,855.22 as estate beneficiaries. Because the Nationwide policies each have a limit of only $25,000, and because both Appellants have already received more than that amount, there is no UIM coverage available under the Nationwide policies for their additional claims.
 {¶ 18} Our decision today is in keeping with the well-established policy not to enrich tort victims. The original motivation behind the enactment of R.C. § 3937.18 was to assure that a person injured by an underinsured motorist would receive at least the same compensation that he would have received if he was injured by an uninsured motorist. Clark, supra, at 275-76, citations omitted. However, "the statute was [also] intended to ensure that a person injured by an underinsured motorist should never be afforded greater protection than that which would have been available had the tortfeasor been uninsured." Id. at 276. See, also, Littrell, supra, at 430, 434-35, citations omitted;Motorist Mut. Ins. Co. v. Andrews, 65 Ohio St.3d 362, 365,1992-Ohio-21; R.C. § 3937.18(C) ("Underinsured motorist coverage in this state is not and shall not be excess coverage to other applicable liability coverages, and shall only provide the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable to the insured were uninsured at the time of the accident."). If we were to agree with Appellants, they would be put into a better position than they would have been in had McKinney been uninsured.
 {¶ 19} Accordingly, we hold that a liability insurance company is entitled to set off amounts paid to the beneficiaries of the decedent's estate from any amounts otherwise recoverable by those beneficiaries for loss of consortium and loss of support. To hold otherwise would cause the estate beneficiaries to be put into a better position than they would have been in had the tortfeasor been uninsured, contra to R.C. § 3937.18 and public policy.
 {¶ 20} Therefore, we find that the trial court properly granted summary judgment in favor of Nationwide. Wheelbarger and Angelo's sole assignment of error is without merit and is overruled. The judgment of the trial court is Affirmed.
Grady, J., concurs.