[Cite as *State v. Miami Cty. Sheriff's Office*, 2011-Ohio-6125.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY


STATE OF OHIO, ex rel., DOUGLAS D. BYERS

    *Relator*

v.

MIAMI COUNTY SHERIFF'S OFFICE AND CHARLES A. COX, SHERIFF

    *Respondents*

Appellate Case No.    09-CA-42


---

**DECISION AND FINAL JUDGMENT ENTRY**
November   15th  , 2011

---

PER CURIAM:

{¶ 1} This matter is before the court on the Motion for Summary Judgment filed by Relator, Douglas D. Byers, on July 9, 2010. Respondents, Miami County Sheriff's Office, et al., filed a Cross-Motion for Summary Judgment on April 19, 2011.

{¶ 2} Byers seeks a writ of mandamus compelling the Miami County Sheriff's Office ("MCSO") to restore him to his previous position of deputy sheriff and the salary commensurate thereto or to a similar position and salary, pursuant to R.C. 145.362. Byers further seeks backpay and benefits for the time he was not permitted to work, although allegedly entitled to work; attorney fees; and costs.

{¶ 3} In relevant part, the underlying facts indicate that Byers began working for MCSO as a deputy sheriff in 2000. In 2004, Byers and another deputy were involved in an incident in which

both deputies fired at a suspect who had pointed his weapon in the direction of the deputies, and fatally wounded the suspect. A determination was not made as to which deputy's bullet caused the death of the suspect.

{¶ 4} Following the incident, Byers began to have sleeping problems. Although he underwent counseling, Byers ultimately went off work in January 2006 and remained off work until June 2008.

{¶ 5} In June 2008, a medical examiner for Ohio's Public Employees Retirement System ("PERS") determined that Byers was mentally incapacitated permanently to perform his duty as a deputy sheriff and should be entitled to disability benefits.

{¶ 6} Byers submitted a letter of resignation to MCSO on July 11, 2008, which was formally accepted by Sheriff Cox and made effective that same date. Byers attests that he was presented with the resignation paperwork at that time by his immediate supervisor, Captain Greg Johnson, in order to start the disability leave process.

{¶ 7} Byers' PERS disability retirement ran from August 1, 2008 until June 30, 2009. At the end of this period, however, MCSO did not immediately return Byers to service but, instead, asked him to undergo psychological fitness evaluations. Byers was reinstated as a deputy sheriff in December 2010, starting a new seniority date.

{¶ 8} Byers now seeks a writ of mandamus compelling MCSO to reinstate him to his previous position of deputy sheriff and the salary commensurate thereto, pursuant to R.C. R.C. 145.362. This section provides, in part:

{¶ 9} "A disability benefit recipient shall retain membership status and shall be considered on leave of absence from employment during the first five years following the effective date of a

disability benefit, notwithstanding any contrary provisions in this chapter.

{¶ 10} " * * *

{¶ 11} "On completion of the examination by an examining physician or physicians selected by the board, the physician or physicians shall report and certify to the board whether the disability benefit recipient is no longer physically and mentally incapable of resuming the service from which the recipient was found disabled. If the board concurs in the report that the disability benefit recipient is no longer incapable, the payment of the disability benefit shall be terminated not later than three months after the date of the board's concurrence or upon employment as a public employee. If the leave of absence has not expired, the retirement board shall certify to the disability benefit recipient's last employer before being found disabled that the recipient is no longer physically and mentally incapable of resuming service that is the same or similar to that from which the recipient was found disabled. *The employer shall restore the recipient to the recipient's previous position and salary or to a position and salary similar thereto, unless the recipient was dismissed or resigned in lieu of dismissal for dishonesty, misfeasance, malfeasance, or conviction of a felony*." (Emphasis added.)

{¶ 12} Byers further seeks backpay and benefits for the time he was not permitted to work, attorney fees, and costs.

{¶ 13} To be entitled to a writ of mandamus, Byers must demonstrate " '(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that [Byers] has no plain and adequate remedy in the ordinary course of the law.' " *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, quoting *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 42; *State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6,

paragraph one of the syllabus; *State ex rel. Westchester v. Bacon* (1980), 61 Ohio St.2d 42, paragraph one of the syllabus.

{¶ 14} Both parties have moved for summary judgment. "Summary judgment pursuant to Civ.R. 56 should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the nonmoving party. When considering a motion for summary judgment, the evidence must be construed in favor of the nonmoving party." *State ex rel. Shelly Materials v. Clark Cty. Bd. of Commrs.*, Clark App. No. 2003-CA-72, 2005-Ohio-6682, at ¶5, quoting *Wheelbarger v. Dayton Bd. of Edn.*, Montgomery App. No. 20272, 2004-Ohio-4367, at ¶8.

Adequate Remedy

{¶ 15} "The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law." R.C. 2731.05. Upon consideration, this Court finds that Byers had an adequate remedy at law to raise the issues set forth in this original action through an appeal to the State Personnel Board of Review ("SPBR").

{¶ 16} R.C. 124.34 gives a classified civil servant the right to appeal a decision concerning the continuation of his or her employment to the SPBR. The scope of an appeal is described in R.C. 124.03, which states, in part:

{¶ 17} "(A) The state personnel board of review shall exercise the following powers and perform the following duties:

{¶ 18} "(1) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or

reassignment to a new or different position classification, or refusal of the director, or anybody authorized to perform the director's functions, to reassign an employee to another classification or to reclassify the employee's position with or without a job audit under division (D) of section 124.14 of the Revised Code. As used in this division, 'discharge' includes disability separations."

{¶ 19} It is undisputed that Byers is a deputy sheriff, and as such, a classified civil service employee. "A deputy sheriff is, more or less, presumed to be in classified civil service unless some special duties are demonstrated which would put him in the unclassified group." *Davis v. Jones* (Sept. 28, 1993), Hocking App. No. 93 CA 06, 1993 WL 405486, at *5, fn. 5, citing 1986 Ohio Atty.Gen.Ops. No. 86-068, at 2-381. "[D]eputy sheriffs are deemed unclassified civil servants only when they are assigned to, and perform, duties in which they hold a fiduciary or administrative relationship to the sheriff." Id., citing *In re Termination of Employment* (1974), 40 Ohio St.2d 107, paragraph two of the syllabus. The evidence before this Court does not show that Byers holds a fiduciary or administrative relationship to the sheriff.

{¶ 20} The issue turns to whether Byers had the right to appeal MCSO's refusal to reinstate him at his previous position and salary, or to a similar position and salary.

{¶ 21} In *State ex rel. Copen v. Kaley* (Feb. 4, 2000), Portage App. No. 99-O-0041, the Eleventh District Court of Appeals found in a case similar to the present matter that an appeal to the SPBR provided an adequate remedy at law, where the employer Sheriff Department refused to reinstate a deputy sheriff following the termination of the deputy's PERS disability benefits.

{¶ 22} The relator in *Kaley* was informed by PERS in 1999 that his disability benefits would be terminated following a determination that he no longer was disabled and could return to work as a deputy sheriff. Id. at *1. PERS also notified the Sheriff's Department of the relator's eligibility

to return to work. Id. After two failed attempts to resume his position as deputy sheriff, the relator filed an action in mandamus.

{¶ 23} The court of appeals ultimately concluded that a "mandamus action cannot be brought before a decision has been rendered by the SPBR because such an action cannot be employed as a substitute for the civil service appeal." Id. at *4, citing *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 476-77. The relator could have appealed to SPBR when the Sheriff's Department failed to respond to his request to return to work, even in the event the respondent did not file a written decision concerning the matter to SPBR. Id. at *3, fn. 1, citing R.C. 124.03(A); *State ex rel. Shine v. Garofalo* (1982), 69 Ohio St.2d 253, 256.

{¶ 24} The facts in *Kaley* are quite similar to those here. In March 2009, PERS notified Byers that he was no longer considered permanently disabled from the performance of duties as a deputy sheriff and, as a result, his disability retirement benefits would end effective June 30, 2009. Despite several attempts to contact MCSO and request that he be permitted to resume his position, MCSO did not act until December 2010. MCSO's refusal to immediately reinstate Byers, and ultimately its decision to reinstate him although forfeiting his seniority, were challengeable on appeal to the SPBR. Mandamus will not act as a substitute for the civil service appeal. *Weiss*, 65 Ohio St.3d at 477. Furthermore, the fact that a party fails to timely pursue his or her right of appeal does not make that remedy inadequate. "If that were the case, this criterion for a writ of mandamus would be met whenever the opportunity to pursue another adequate remedy expired." *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 178.

{¶ 25} Accordingly, this Court finds that MCSO has shown that there is no factual dispute with respect to whether Byers had an adequate remedy at law that precludes mandamus relief.

MCSO is entitled to judgment as a matter of law.

**{¶ 26}** Having found there to be an adequate legal remedy in this matter, the court need not address the issues of legal right or legal duty. MCSO's Cross-Motion for Summary Judgment is SUSTAINED. Byers' petition for a writ of mandamus is DENIED.[1]

SO ORDERED.

_\_THOMAS J. GRADY, Presiding Judge

MIKE FAIN, Judge

_MICHAEL T. HALL, Judge

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

THOMAS J. GRADY, Presiding Judge

Copies to:

Dwight D. Brannon
Sara Fluhr
Attorneys for Petitioner
130 W. Second Street, Suite 900
Dayton, Ohio 45402

Gary Nasal

Eugene P. Nevada
Attorney for Respondents
6500 Emerald Parkway, Suite 100
Dublin, Ohio 43016

CA3/JN

---

[1]The October 18, 2011 "Relator's Motion for Leave to File a Request for Oral Argument" is OVERRULED.

Attorney for Respondents
201 W. Main Street - Safety Building
Troy, Ohio 45373