[Cite as *State ex rel. Moore v. Montgomery Cty. Clerk of Courts*, 2012-Ohio-5782.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| | : | Appellate Case No. 24937 |
| STATE OF OHIO, ex rel., ROBERT MOORE | : | |
| | : | |
| *Relator* | : | |
| | : | |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY CLERK OF COURTS | : | |
| | : | |
| *Respondent* | : | |

---

**DECISION AND FINAL JUDGMENT ENTRY**
December 5th , 2012

---

PER CURIAM:

{¶ 1}   This matter is before the court on Respondent's motion to dismiss, which was converted to a motion for summary judgment pursuant to Civ.R. 12(B), filed December 19, 2011, and Relator's motion for summary judgment, filed January 11, 2012.

{¶ 2}   On December 7, 2011, Relator, Robert Moore, an inmate at the London Correctional Institution, filed a complaint for a writ of mandamus.  Moore seeks an order from this Court compelling Respondent, the Montgomery County Clerk of Courts, to comply with R.C. 149.43 and provide him with copies of requested public records.

**{¶ 3}** By letter dated February 23, 2011 and sent via certified mail, Moore requested copies of the following records allegedly maintained by Respondent:

1.  The journal entry of the Montgomery Court of common pleas ruling on the Plaintiff's summary judgment motion in the case of <u>Satterwhite Investments Lmt. -vs- Marvin Johnson</u>. (Case No. ?) I don't know the case number, so let me know if you can find it.

2.  The current Montgomery County Clerk of Courts Public Record Policy. This policy that I want a copy of is the public record policy that your offices uses [sic] and whether or not your office created it, uses another's policy, or has adopted another's policy.

3.  The Employee roster listing of your offices [sic] current employee's [sic].

**{¶ 4}** Respondent sent Moore a letter on February 25, 2011 stating that he must first obtain permission from the sentencing judge in Moore's criminal case before he could receive the records requested. R.C. 149.43(B)(8) provides:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public

record is necessary to support what appears to be a justiciable claim of the person.

{¶ 5}   Moore filed this original action on December 7, 2011.   He argues that Respondent incorrectly determined that Moore first needed permission from his sentencing judge in order to obtain the records he requested because none of the records pertains to criminal investigations, nor are any of the records exempt from disclosure under R.C. 149.43.   He seeks an order from this Court compelling Respondent to provide copies of the records requested.   He also seeks reimbursement of costs and fees incurred in filing this action, along with statutory damages pursuant to R.C. 149.43(C)(1).

{¶ 6}   On December 13, 2011, Respondent forwarded copies of its records policy and current employee list to Moore.   By letter, Respondent also informed Moore that he could find no case that matched <u>Satterwhite Investments Lmt. -vs- Marvin Johnson</u> using the name Moore supplied and the business name Moore supplied.

Writ of Mandamus

{¶ 7}   To be entitled to a writ of mandamus, Moore must demonstrate " '(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that [Moore] has no plain and adequate remedy in the ordinary course of the law.' "   *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983), quoting *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42, 374 N.E.2d 641 (1978); *State ex rel. Heller v. Miller*, 61 Ohio St.2d 6, 399 N.E.2d 66 (1980), paragraph one of the syllabus; *State ex rel. Westchester v. Bacon*, 61 Ohio St.2d 42, 399 N.E.2d 81 (1980), paragraph one of the syllabus.

{¶ 8}   The parties have moved for summary judgment.   "Summary judgment pursuant to Civ.R. 56 should be granted only if no genuine issue of fact exists, the moving party is

entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the nonmoving party. When considering a motion for summary judgment, the evidence must be construed in favor of the nonmoving party." *State ex rel. Shelly Materials v. Clark Cty. Bd. of Commrs.*, 2d Dist. Clark No. 2003-CA-72, 2005-Ohio-6682, ¶ 5, quoting *Wheelbarger v. Dayton Bd. of Edn.*, 2d Dist. Montgomery No. 20272, 2004-Ohio-4367, ¶ 8.

{¶ 9} Respondent contends that Moore's mandamus claim is moot because he has been provided the public records that he requested, with the exception of the "ruling on the Plaintiff's summary judgment motion in the case of Satterwhite Investments Lmt. -vs- Marvin Johnson."[1] Moore concedes that he has received all records requested that are in Respondent's possession. " 'In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot.' " *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22, quoting *State ex rel. Toledo Blade Co. v. Toledo–Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14. Mandamus will not issue to compel the performance of a duty that has already been performed. *State ex rel. Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, 886 N.E.2d 849, ¶ 5. Accordingly, Respondent is entitled to judgment as a matter of law on Moore's request for a writ of mandamus to compel the clerk to provide access to and/or copies of the requested records.

Damages under R.C. 149.43(C)(1)

{¶ 10} Despite our determination above that the mandamus claim is moot due to the

---

[1] It appears that this document is a "court record," as defined by Sup. R. 44(B). The Rules of Superintendence for the Courts of Ohio set forth specific procedures regulating public access to court records. The remedy for the denial of public access to court records is governed by Sup. R. 47, not R.C. 149.43.

records having been provided by Respondent, this action remains viable insofar as Moore also claims entitlement to statutory damages and litigation expenses. *Striker* at ¶ 27-29; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 08AP-21, 2009-Ohio-442, ¶ 35.

**{¶ 11}** Moore argues that he is entitled to damages pursuant to R.C. 149.43(C)(1) in the amount of $900.00 for the lost use of the records from the time he requested them until the time he received them. This section of the Code states:

If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section. The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

If a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section.

The court may reduce an award of statutory damages or not award statutory damages if the court determines both of the following:

(a) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to

comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;

(b) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

{¶ 12} Here, we find that Moore sent a written request to Respondent by certified mail on February 23, 2011 for records maintained by the clerk. There is no dispute that these records are generally public records subject to disclosure under the Public Records Act.[2] Respondent did not make copies of the requested public records available to Moore at cost and within a reasonable period of time, as required by R.C. 149.43(B)(1). Instead, Respondent incorrectly construed the request as one for criminal records and advised Moore that he must obtain permission from his sentencing judge to receive copies. The Public Records Act must be construed liberally in favor of broad access and any doubt resolved in favor of disclosure of public records. *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932

---

[2]As discussed above, access to court documents is governed by the Rules of Superintendence for the Courts of Ohio, not the Public Records Act.

N.E.2d 327, ¶ 6. We have found no instance where mistake warrants delay and excuses the custodian of its duty to promptly disclose public records once a proper request is made.

{¶ 13} Furthermore, we must presume that Respondent's non-compliance caused an injury to Moore. R.C. 149.43(C)(1); *Simonsen,* 2009-Ohio-442, at ¶ 12. The amount of statutory damages to which Moore is entitled is fixed at one hundred dollars for each business day during which Respondent failed to comply with his obligation in accordance with R.C. 149.43(B), beginning with the day on which Moore filed a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. R.C. 149.43(C)(1). Moore filed this action on Wednesday, December 7, 2011, and Respondent mailed the requested documents to Moore on Tuesday, December 13, 2011. There being four (4) business days from the time Moore filed his complaint until the time Respondent sent the records, Moore is entitled to four hundred dollars ($400.00) in statutory damages.

{¶ 14} Accordingly, Respondent's motion for summary judgment is SUSTAINED, in part, and OVERRULED, in part. Respondent is ordered to pay Moore statutory damages in the amount of $400.00. Costs to Respondent.

{¶ 15} Moore's motion for summary judgment is SUSTAINED, in part, and OVERRULED, in part.

{¶ 16} SO ORDERED.

THOMAS J. GRADY, Presiding Judge

_____

MIKE FAIN, Judge

HALL, J., dissenting:

**{¶ 17}** I respectfully dissent.

**{¶ 18}** When Robert Moore sent a letter to the Montgomery County Clerk of Courts requesting (1) records from the case *Satterwhite Investments Lmt. v. Marvin Johnson*, he also asked for (2 )the Clerk's public-record policy and (3) the Clerk's employee roster. Undoubtedly, the second and third requests were intended to facilitate acquisition of the first request if there were difficulties in producing the first request, because the second and third requests have no independent significance. Furthermore, the letter stated, "I will clarify for you if you need me to."

**{¶ 19}** The Clerk did not ignore Moore's request. Rather, because the request itself indicated it was from a prisoner,[3] the Clerk sent Moore, on the day of receipt, a return letter advising him how to obtain the sentencing judge's permission to obtain records under R.C. 149.43(B)(8). In addition, as admitted by relator, two post-it notes were attached to the Clerk's response. The first suggested that if the prisoner obtained permission from the trial judge, he would have to provide a case number for the Clerk to locate the appropriate record. The second note stated, "If you want to know anything about our employees you will have to contact the Mont. Co. Auditor."

_____

[3] The request had Moore's prison address and inmate number. It said, "I am in prison." Moore was serving a nine-year sentence

{¶ 20} The relator did not respond or "clarify" his request. Without any further communication, he filed his original action in mandamus.[4] It is readily apparent that the case *Satterwhite Investments Lmt. v. Marvin Johnson* **does not exist** in the records of the Montgomery County Clerk of Courts. No amount of searching, no greater or further diligence, would have resulted in production of that record. That leaves only the two collateral requests to be dealt with.

{¶ 21} The public-record policy the defendant requested is, and was, already publically available to anyone.[5] I fail to see how a writ of mandamus can issue for a record that is already in the public domain. Moreover, review of the policy itself provides no information whatsoever that would have facilitated Moore's request to locate, or acquire, a public record that does not exist. Accordingly, I would not hold that Moore's request for the record policy was moot. I would hold that because there was no clear legal duty to provide a record already publically available, he was never entitled to a writ of mandamus in the first place.

{¶ 22} Likewise, the Clerk did not have a clear legal duty to provide an "employee roster" where there was no reasonable likelihood it would assist in finding a record that does not exist. In fact, the Clerk did not deny this request. The Clerk directed Moore to the Montgomery County Auditor, who is the county payroll officer, to obtain information about employees. Moore did nothing to clarify this request with the Clerk, and he failed to demonstrate that he followed up on the request with the Auditor. Accordingly, I would not hold that Moore's request for the

---

for aggravated robbery out of Clermont County, Case No. 2003 CR 0526.

[4] Moore is not a novice at filing original actions in the court of appeals or at filing public-record requests. He previously filed two original actions for public records, one in the Tenth District and one in the Sixth District, according to his affidavit of prior actions.

[5] http://www.clerk.co.montgomery.oh.us/legal/files/Public_Records_Policy.pdf

employee roster was moot. I would hold that because there was no clear legal duty to do anything more than the Clerk did, Moore was never entitled to a writ of mandamus in the first place.

**{¶ 23}** In that Moore was never entitled to a writ of mandamus, there should be no assessment of any statutory penalty.

**{¶ 24}** Finally, in order to assess statutory damages, a court must determine that the public office failed to comply with the obligations outlined in R.C. 149.43(B). It did not. Therefore, in my view summary judgment should be granted for the respondent and statutory damages should not be awarded.

_____
MICHAEL T. HALL, Judge

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

_____
THOMAS J. GRADY, Presiding Judge

Copies mailed to:

John Cumming                                    Dayton, Ohio 45422
Attorney for Respondent
301 W. Third Street, 5th Floor

Robert Moore
Relator, Pro Se
254 East Plane Street, Apt. 1
Bethel, Ohio 45106

CA3/JN

Issue date: December 5, 2012