JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Lumbermens Mutual Casualty Company ("Lumbermens"), appeals from an order granting summary judgment in favor of plaintiffs-appellees, Renee Morrison, individually and as the administrator of the estate of Thomas Morrison, deceased, and his next of kin. The court held that plaintiffs were insured under a policy issued by Lumbermens to the decedent's employer, Ceco Concrete Construction, L.L.C., for the damages they suffered in connection with a collision between a vehicle driven by the decedent and another vehicle driven by an allegedly underinsured motorist. Lumbermens asserts, first, that the court erred by finding that appellees were insured under the policy, and second, that the underinsured motorist coverage it provided was limited to $25,000. We find the evidence in the record did not support the common pleas court's order granting summary judgment for plaintiffs. Therefore, we reverse and remand for further proceedings.
 PROCEEDINGS BELOW {¶ 2} Plaintiffs-appellees filed this action on July 25, 2001. Their second amended complaint, filed with leave of court on August 5, 2002, alleged that the decedent was killed and plaintiff Renee Morrison was injured when the pick-up truck they were in was struck by a vehicle owned and operated by Renee Northrup on October 25, 1999. Northrup's insurer paid its policy limits. The second amended complaint contended, among other things, that Lumbermens issued a policy of insurance to Mr. Morrison's employer, the language of which "tracks the policy language inScott-Pontzer vs. Liberty Mutual Fire Ins. Co. and Ezawa v. Yasuda Fire Marine." Plaintiffs requested a declaratory judgment that they were insured under this policy, in addition to a money judgment.
 {¶ 3} Lumbermens moved for summary judgment on July 23, 2002. Although the motion quotes from the policy at issue, the policy itself is not included in the record, allegedly because of a stipulated protective order entered with counsel for Mr. Morrison's employer. The evidence attached to the motion included a copy of this alleged protective order (which was not signed by the judge or entered on the journal), and an unsigned affidavit by a senior claims analyst for Kemper Insurance. Plaintiffs responded to Lumbermens' motion.
 {¶ 4} The court denied Lumbermens' motion and granted judgment for plaintiffs in an order entered February 5, 2003. This order states, in pertinent part: "The court finds that pltf [sic] is an insured under the policy. See Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660; Addie v. Linville (8th Dist. Oct 3, 2002), nos. 80547, 80916, 2002 WL 3195177, 2002-Ohio-5333. The court furhter [sic] finds that the rejection is invalid and UM coverage is impoed [sic] by operation of law. See Kemper v. Michigan Millers Ins. Co. (Dec 24, 2002),2002-Ohio-7101, 2002 Ohio LEXIS 3094. * * *." On February 21, 2003, the court re-entered the judgment, nunc pro tunc, with an additional finding of no just cause for delay. Lumbermens filed its notice of appeal on March 5, 2003.
 LAW AND ANALYSIS {¶ 5} As a general matter, Civ.R. 56 does not authorize the entry of summary judgment in favor of a party who has not moved for judgment.Marshall v. Aaron (1984), 15 Ohio St.3d 48, 472 N.E.2d 335, syllabus. However, where the facts are uncontested and all relevant evidence is before the court, and the settlement of legal questions alone will determine the dispute, the court may enter summary judgment for a non-moving party. State ex rel. Cuyahoga Cty. Hosp. v. Bureau of Workers'Comp. (1986), 27 Ohio St.3d 25, 28, 500 N.E.2d 1370, 1373; Evans v.Lakeview (1990), 67 Ohio App.3d 117, 122-23.
 {¶ 6} In this case, the court did not have any evidence to support the entry of judgment for either party. The unsigned affidavit and protective order attached to Lumbermens' motion have no evidentiary value. Plaintiffs included no evidence with their brief in opposition. Therefore, there was no evidence upon which the court could base a decision.
 {¶ 7} The entire dispute revolves around the terms of an insurance policy which is not included in the record. Without the policy language, the court could not declare the parties' rights and obligations thereunder. Accordingly, we reverse and remand for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
Diane Karpinski, J., and Timothy E. McMonagle, J., Concur.
*Sitting by assignment, Judge John T. Patton, retired, of the Eighth District Court of Appeals.