[Cite as *State ex rel. Dawson v. Bloom-Carroll Local School Dist.,* **131 Ohio St.3d 10, 2011-Ohio-6009.**]

THE STATE EX REL. DAWSON *v.* BLOOM-CARROLL LOCAL SCHOOL DISTRICT.

[Cite as *State ex rel. Dawson v. Bloom-Carroll Local School Dist.,*

131 Ohio St.3d 10, 2011-Ohio-6009.]

*Public records—R.C. 149.43(A)(1)(v)—Exception from disclosure for records*
*subject to attorney-client privilege—Waiver of exception by prior*
*disclosure not established.*

(No. 2011-0145—Submitted October 4, 2011—Decided November 29, 2011.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Angela Dawson, requests a writ of mandamus to compel respondent, Bloom-Carroll Local School District, to provide her with access to (1) itemized invoices of law firms providing services to the district in matters pertaining to Dawson and her children and (2) communications from the school district's insurance carrier identifying attorney Janet Cooper as the district's legal representative and describing the liability and exposure of the district and insurance company related to a case filed against the district by Dawson on behalf of one of her children. Because the requested records are exempt from disclosure under the Public Records Act, R.C. 149.43, we deny the writ.

**Facts**

{¶ 2} In March 2010, Dawson sent an e-mail request to Travis Bigam, the treasurer of the Bloom-Carroll Local School District, for certain records, including "copies of any and all invoices received from any and all law firm(s) providing services relating to any matters pertaining to [herself] and/or either of [her] children." The school district provided Dawson with summaries of the invoices noting the attorney's name, the invoice total, and the matter involved.

The district did not, however, provide Dawson with the requested itemized invoices, because they contained what it considered to be confidential information, stating, "These itemized monthly statements contain descriptions of the work performed by the attorneys of Bricker and Eckler, L.L.P. and include: statements regarding their communications to each other and insurance counsel, Janet Cooper; the areas and issues the attorneys researched; and the legal issues upon which they focused their attention."

{¶ 3} By e-mail request in April 2010, Dawson advised the school district that she still wanted copies of the itemized statements for each invoice regarding the legal fees spent by the district on matters relating to her and her children. On December 20, 2010, Dawson hand-delivered a written request for the itemized invoices. The district denied the request on the basis that the invoices contained confidential communications between the district and its attorneys. The district later refused Dawson's request that it provide her with redacted copies of the invoices.

{¶ 4} On December 13, 2010, Dawson hand-delivered a request to the district's treasurer for "any and all communication(s) from the District's insurance carrier, Ohio Casualty Insurance, appointing Janet Cooper as the District's legal representative, as well as describing the liability and exposure of both the District and Ohio Casualty related to the last due process [lawsuit] filed against the District on behalf of Douglas Dawson." On December 22, 2010, the school district denied Dawson's request after informing her that it had one responsive document dated February 9, 2010. The treasurer's response stated that the letter that the district refused to produce "was authored by the School District insurer's claims analyst and was sent to the District, the Insurer's and District's local representative, and the attorney appointed by the insurer, Janet Cooper."

{¶ 5} On January 25, 2011, Dawson filed this action for a writ of mandamus to compel the school district to provide her with access to the

requested records. Dawson also requested an award of attorney fees and statutory damages. The school district filed an answer and a motion for judgment on the pleadings, and Dawson filed a memorandum in opposition to the motion.

{¶ 6} Following the return of the case to the docket after unsuccessful mediation, we granted an alternative writ and ordered the submission of evidence and briefs. 128 Ohio St.3d 1480, 2011-Ohio-2055, 946 N.E.2d 239. We ordered the school district to submit as part of its evidence for in camera review unredacted copies of the records that it claims to be exempt from disclosure. Id. Under the court order, the parties' evidence was due on May 24.

{¶ 7} Dawson filed her evidence on the May 24 due date, and after receiving a one-day extension, the school district submitted its evidence on May 25. In her evidentiary submission, Dawson included an affidavit that stated:

{¶ 8} "I, Angela Dawson, being duly sworn and cautioned, and assuring my competency to testify to the matters stated herein based on personal knowledge, state as follows:

{¶ 9} "* * *

{¶ 10} "10. Respondent voluntarily disclosed the February 9, 2010 document to the District's board members and openly discussed the document in a public board meeting.

{¶ 11} "11. Respondent voluntarily disclosed the February 9, 2010 document to Charlie Black, a member of the public and former school board member."

{¶ 12} In her merit brief, Dawson claimed that this evidence established that any exemption claimed by the school district regarding the February 9, 2010 letter from its insurer's claims analyst was waived by its voluntary disclosure of the letter to the public. In its brief, the school district claimed that were it given the opportunity to submit additional evidence, it would rebut Dawson's evidence.

{¶ 13} On July 20, 2011, we ordered that the school district may file rebuttal evidence to paragraphs 10 and 11 of Dawson's affidavit. 129 Ohio St.3d 1418, 2011-Ohio-3558, 950 N.E.2d 565. On August 9, the school district filed its rebuttal evidence. The rebuttal evidence consisted of two affidavits, one from the school district treasurer, Bigam, and one from former school district board of education member Charles E. Black Jr.

{¶ 14} In his affidavit, Bigam stated that on February 9, 2010, the school district received a letter from its insurance carrier that had also been sent to its legal counsel, Janet Cooper, that he shared this letter and its contents with the board of education during its confidential executive session on February 15, 2010, and, in a statement later recanted, that the letter "was not referenced after the School Board returned from executive session to its public meeting that date." Bigam further stated that although the contents of the February 9, 2010 letter were discussed in the board's executive session on February 15, 2010, they were never disclosed or discussed in the board's public meetings. Bigam stores the letter in a secure place in his office and has not shown the letter to former board member Black.

{¶ 15} In his affidavit, former board member Black stated that no one from the school district or its board of education had ever shown him or told him about the February 9, 2010 letter and that he had no knowledge about it.

{¶ 16} This cause is now before us on the merits as well as on additional motions filed by the parties.

**Legal Analysis**

Motions

{¶ 17} On August 11, Dawson filed a motion to submit additional evidence instanter. The evidence sought to be introduced is an additional affidavit of Dawson in which she states that she met with Bloom-Carroll Local School District Board of Education member Ronald Rae Fowler and that he

4

provided to her a copy of a sworn statement and documents he had provided to the school district related to the February 9, 2010 insurance letter that is requested by Dawson in this case. She also seeks to submit an audio recording of the board's February 14, 2011 meeting, which she claims she received sometime after February 14, 2011.

{¶ 18} The admission or exclusion of relevant evidence is within the court's sound discretion. See generally *State ex rel. Gilbert v. Cincinnati*, 125 Ohio St.3d 385, 2010-Ohio-1473, 928 N.E.2d 706, ¶ 35. Dawson claims that the evidence that she requests to submit is newly discovered and was not previously available to her at the time she submitted her evidence on May 24, 2011. It is true that "in mandamus actions, a court is not limited to considering facts and circumstances at the time a proceeding is instituted but should consider the facts and conditions at the time it determines whether to issue a peremptory writ." *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 54.

{¶ 19} For the following reasons, however, we deny Dawson's motion.

{¶ 20} First, the purported affidavit of school board member Fowler is not signed. "Affidavits filed in original actions in this court should be based on personal knowledge, setting forth facts admissible in evidence, and showing affirmatively that the affiant is competent to testify to all matters stated therein." *State ex rel. Nix v. Cleveland* (1998), 83 Ohio St.3d 379, 384, 700 N.E.2d 12; S.Ct.Prac.R. 10.7. Unsigned affidavits have no evidentiary value. See generally *Morrison v. Kemper Ins. Co.*, Cuyahoga App. No. 82568, 2003-Ohio-5655, ¶ 6; *Graves v. Van Buskirk* (Feb. 20, 1991), Summit App. No. 14785, 1991 WL 21545, *2 ("The unsigned affidavit submitted * * * is not a certified sworn statement and does not constitute a valid form of testimony").

{¶ 21} Second, Dawson has not submitted credible evidence that she could not have submitted a copy of the audiotape recording of the board's

February 14, 2011 meeting by the May 24 deadline for her evidence. Moreover, even if she had, a review of the recording discloses just what the school district claims—that although the February 9, 2010 insurance letter was referred to at the public portion of a meeting, the specific contents of the letter have never been disclosed at a public meeting.

{¶ 22} Based on the foregoing, we deny Dawson's motion to submit additional evidence instanter.

{¶ 23} We also grant the school district's motion to strike an incorrect statement in the rebuttal evidence it filed. The school district asserts that after Bigam provided the affidavit in which he stated that the February 9, 2010 insurance letter and its contents were never mentioned in a public meeting of the board of education, he recalled that the letter was mentioned in a public meeting but that the specific contents of the letter were not discussed. The school district seeks to strike the previous affidavit submitted as its rebuttal evidence and to substitute an amended affidavit of Bigam that contains the correction. Because the correction is appropriate, we grant the motion. See *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 114 Ohio St.3d 183, 2007-Ohio-3831, 870 N.E.2d 1174, ¶ 37 (determination of motion to strike is within the court's broad discretion).

Mandamus

{¶ 24} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). "We construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records." *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6.

{¶ 25} "Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception." *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.

*Attorney-Client Privilege*

{¶ 26} The school district asserts that the requested records are exempt from disclosure because of the attorney-client privilege and the trial-preparation-record exception. "The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States* (1998), 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379. "The privilege is intended to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.' " Id. at 403, quoting *Upjohn Co. v. United States* (1981), 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584. "In the modern law, the privilege is founded on the premise that confidences shared in the attorney-client relationship are to remain confidential." *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 660, 635 N.E.2d 331.

{¶ 27} R.C. 149.43(A)(1)(v) exempts "[r]ecords the release of which is prohibited by state or federal law" from the definition of "public record." "The attorney-client privilege, which covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice, is a state law prohibiting release of those records." *State ex rel. Besser v. Ohio State Univ.* (2000), 87 Ohio St.3d 535, 542, 721 N.E.2d 1044. In Ohio, the attorney-client privilege is governed both by statute, R.C. 2317.02(A), which provides a testimonial privilege, and by common law, which broadly protects against any

dissemination of information obtained in the confidential attorney-client relationship. *State ex rel. Toledo Blade Co. v. Toledo–Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 24.

{¶ 28} For the itemized attorney-fee bills, the school district "had no duty to provide access to records related to attorney fees that * * * were covered by the attorney-client privilege." *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 392, 715 N.E.2d 179. "While a simple invoice ordinarily is not privileged, itemized legal bills necessarily reveal confidential information and thus fall within the [attorney-client] privilege." *Hewes v. Langston* (Miss.2003), 853 So.2d 1237, ¶ 45. As a federal appellate court observed, "billing records describing the services performed for [the attorney's] clients and the time spent on those services, and any other attorney-client correspondence * * * may reveal the client's motivation for seeking legal representation, the nature of the services provided or contemplated, strategies to be employed in the event of litigation, and other confidential information exchanged during the course of the representation. * * * [A] demand for such documents constitutes 'an unjustified intrusion into the attorney-client relationship.' " *In re Horn* (C.A.9, 1992), 976 F.2d 1314, 1317-1318, quoting *In re Grand Jury Witness (Salas)* (C.A.9, 1982), 695 F.2d 359, 362. To the extent that narrative portions of attorney-fee statements are "descriptions of legal services performed by counsel for a client," they are protected by the attorney-client privilege because they "represent communications from the attorney to the client about matters for which the attorney has been retained by the client." *State ex rel. Alley v. Couchois* (Sept. 20, 1995), Miami App. No. 94-CA-30, 1995 WL 559973, *4.

{¶ 29} The school district refused to make the requested itemized attorney-billing statements available to Dawson because the statements contained detailed descriptions of work performed by the district's attorneys, statements concerning their communications to each other and insurance counsel, and the

issues they researched. The withheld records are either covered by the attorney-client privilege or so inextricably intertwined with the privileged materials as to also be exempt from disclosure. Therefore, the school district properly responded to Dawson's request for itemized invoices of law firms providing legal services to the district in matters involving Dawson and her children by providing her with summaries of the invoices including the attorney's name, the fee total, and the general matter involved. No further access to the detailed narratives contained in the itemized billing statements was warranted.

{¶ 30} The February 9, 2010 letter from the school district's insurance company to the district identifying Janet Cooper as the district's attorney in Dawson's due-process lawsuit against the district is also protected by the attorney-client privilege. The letter, which was addressed to the district and copied to the insurance counsel who would represent the district, evaluates Dawson's claim and the extent to which the claim might be covered by the district's insurance policy and instructs the district to cooperate with the insurance company and the attorney selected by the company to represent the school district to preserve its insurance coverage. In effect, the insurance company stands in the shoes of the district, and its letter naming Cooper as the district's attorney in Dawson's due-process lawsuit is covered by the attorney-client privilege. "Where a person approaches an attorney with the view of retaining his services to act on the former's behalf, an attorney-client relationship is created, and communications made to such attorney during the preliminary conferences prior to the actual acceptance or rejection by the attorney of the employment are privileged communications." *Taylor v. Sheldon* (1961), 172 Ohio St. 118, 15 O.O.2d 206, 173 N.E.2d 892, paragraph one of the syllabus; see also *In re Klemann* (1936), 132 Ohio St. 187, 7 O.O. 273, 5 N.E.2d 492, paragraph one of the syllabus ("Where an insurer receives a report from its insured concerning a casualty covered by its policy of insurance, such report becomes the property of

the insurer and subject to its complete control; and, when the insurer transmits it to its counsel for the purpose of preparing a defense against a possible law suit growing out of such casualty, such report constitutes a communication from client to attorney and is privileged against production and disclosure * * *").

{¶ 31} Dawson claims that any privilege applicable to the insurance letter has been waived by the school district because the board of education voluntarily disclosed the letter to the public at a board meeting and also disclosed the letter to a former board member. "Voluntarily disclosing the requested record can waive any right to claim an exemption from disclosure" under the Public Records Act. *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 22; *State ex rel. Zuern v. Leis* (1990), 56 Ohio St.3d 20, 22, 564 N.E.2d 81.

{¶ 32} Dawson's evidence of waiver, however, has been successfully refuted by the school district's evidence, which establishes that although the board of education referred to the insurance letter at a meeting, it never disclosed the contents of the letter at a public meeting. Moreover, the school district submitted an affidavit of the former school board member to whom Dawson had claimed the district had voluntarily disclosed the letter in which he denied ever being shown the letter.

{¶ 33} Therefore, the school district also properly denied Dawson's claim for the insurance letter appointing Cooper as the district's attorney in the case filed by Dawson on behalf of one of her children.

*Attorney Fees and Statutory Damages*

{¶ 34} Finally, because Dawson's public-records claims lack merit and were primarily beneficial to her rather than the public in general, she is not entitled to an award of attorney fees or statutory damages. See generally *State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280, ¶ 60.

**Conclusion**

**{¶ 35}** Based on the foregoing, Dawson has not established her entitlement to the requested extraordinary relief in mandamus. While the Public Records Act "serves a laudable purpose by ensuring that governmental functions are not conducted behind a shroud of secrecy," "even in a society where an open government is considered essential to maintaining a properly functioning democracy, not every iota of information is subject to public scrutiny" and "[c]ertain safeguards are necessary." *State ex rel. Wallace v. State Med. Bd. of Ohio* (2000), 89 Ohio St.3d 431, 438, 732 N.E.2d 960. "The General Assembly has provided these safeguards by balancing competing concerns and providing for certain exemptions from the release of public records pursuant to R.C. 149.43." *Mahajan* at ¶ 66.

**{¶ 36}** The school district has met its burden of establishing the applicability of the attorney-client privilege to the records requested by Dawson. Therefore, we deny the writ and Dawson's request for attorney fees and statutory damages. By so holding, we need not address the school district's additional claim that the requested records are excepted from disclosure as trial-preparation records.

Writ denied.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Stein, Chapin & Associates, L.L.C., Beth J. Nacht, and Lance Chapin, for relator.

Cooper, Gentile, Washington & Meyer Co., L.P.A., Janet K. Cooper, and Beverly A. Meyer, for respondent.

_____