[Cite as *State ex rel. Petranek v. Cleveland*, 2012-Ohio-2396.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98026**

---

# STATE OF OHIO, EX REL. MARYANNE PETRANEK

RELATOR

vs.

# CITY OF CLEVELAND, ET AL.

RESPONDENTS

---

**JUDGMENT:**
WRIT GRANTED

---

Writ of Mandamus
Order No. 455066

**RELEASE DATE:** May 29, 2012

**ATTORNEYS FOR RELATOR**

Christopher P. Finney
Finney, Stagnaro, Saba & Patterson
2623 Erie Avenue
Cincinnati, OH   45208

Curt C. Hartman
Law Firm of Curt C. Hartman
3749 Fox Point Court
Amelia, OH   45102


**ATTORNEYS FOR RESPONDENTS**

Barbara Langhenry
Interim Director of Law
City of Cleveland
601 Lakeside Avenue, Rm. 106
Cleveland, OH   44114

Mark R. Musson
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Rm. 106
Cleveland, OH   44114

SEAN C. GALLAGHER, J.:

{¶1} On February 27, 2012, the relator, Maryanne Petranek, commenced this public records mandamus action against the respondents, the city of Cleveland and Kim Roberson, Cleveland's public records administrator. On November 13, 2011, Petranek sent a public records request through email requesting copies of the following records:

> "Any and all letters, notes, telephone message slips, memoranda, e-mails, documents, contracts, and other forms of communications regarding (i) any agreement with Greater Cleveland Regional Transit Authority for use of the area in and about Shaker Square; (ii) any agreement between the City of Cleveland and the farmers' market for the use of the area in or about Shaker Square; and (iii) the closure of Shaker Boulevard and/or Shaker Square for the use of the square by the farmers' market." (Exhibit A to the complaint.)

On November 14, 2011, Roberson sent Petranek an email acknowledging receipt of the requests and the start of processing them. Also, on November 14, 2011, Petranek repeated her request for records through certified mail, which was delivered on November 15, 2011. When Cleveland released no records after three months, Petranek commenced this mandamus action.

{¶2} In their answer, the respondents asserted that the public records claims were moot because they had delivered all documents responsive to relator's requests. Subsequently, this court directed the parties to certify the status of the case. The respondents were to certify what records were released, when they were released, in what form, and whether there were any redactions. The relator was to certify whether she was

satisfied that the respondents had fulfilled her request, and if not, what records remain outstanding and why she believes that any given request had not been fulfilled.

{¶3} The respondents certified that they had released on March 16, 2012, the following records to Petranek: (1) The Street Opening, Sidewalk and/or Obstruction Permit Application from the North Union Farmer's Market, (2) Division of Assessments and Licenses Delivery Sign-Off Sheet, and (3) Screen shots of the City's work flow program.

{¶4} However, it does not appear that the release of these records fulfilled Petranek's requests. In her certification, Petranek attached copies of all the records sent to her. There were no records relating to any agreement with the Greater Cleveland Regional Transit Authority for the use of the area around Shaker Square, and there was no written explanation as to why such records were not provided. In the bottom right-hand corner of the "Street Opening, Sidewalk and/or Obstruction Application Permit," there is the notation "Page 1 of 7," but only the first page was provided. Additionally, in her certification Petranek persuasively argues that there must be more responsive records than those released. For example, Cleveland released the permit application, but there is no permit, much less any other internal records concerning the propriety of granting the permit.

{¶5} Ohio's public record statute requires that upon request all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times. Also, the public entity upon request shall make

copies of the requested public records available at costs within a reasonable period of time. R.C. 149.43(B)(1). Moreover, if a request is denied, in whole or in part, the public entity shall provide the requester with an explanation, including legal authority, setting forth why the request was denied. If the initial request was in writing, the explanation shall also be in writing. R.C. 149.43(B)(3). The remedy to effect compliance with Ohio's public record statute is the writ of mandamus to order the public entity to comply with division (B).

{¶6} In the present case because the court is convinced that the respondents have not fully complied with all of the requirements of division (B), including providing an explanation for unfulfilled requests and the missing pages of the application, this court issues the writ of mandamus and orders the respondents to comply fully with all of the obligations in division (B), including inter alia, to provide the requested records and/or an explanation of why the requested records have not been provided. The court further directs the parties, if necessary, to meet or communicate, regarding the fulfilling of the requests, and to work in good faith with each other to ensure that all possible records have been provided or to establish that requested records do not exist. R.C. 149.43(B)(2).

{¶7} Petranek also seeks an award of statutory damages and attorney fees pursuant to R.C. 149.43(C). Recently, the Supreme Court of Ohio has ruled that an award of attorney fees or statutory damages is dependent upon showing the release of the records is more for the public benefit than for the requester's benefit. *State ex rel. Dawson v. Bloom-Carroll Local School Dist.,* 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524,

¶34; *State ex rel. Beacon Journal Publishing Co. v. Akron,* 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087; *compare State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer,* 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶69 (failure to establish right to statutory damages and attorney fees throughout the case resulted in waiver).

{¶8} In her complaint, Petranek states that her public records request would serve the public benefit by encouraging and promoting compliance with the Ohio Public Records Act and by subjecting the city of Cleveland to public exposure, review, and criticism.[1] This does not state a sufficient public benefit to support an award of attorney fees or statutory damages, because any and all public records requests would provide these minimal benefits. A statutory award must be based on more than minimal benefits. Additionally, the court declines to award statutory damages because Petranek completed her request through email before she completed the request through certified mail, which is a statutory prerequisite for statutory damages. Such damages are not meant to be a windfall obtained through gamesmanship.

{¶9} Accordingly, the court issues the writ of mandamus and orders the respondents to comply completely with R.C. 149.43(B), but declines to issue an award of attorney fees or statutory damages. Respondents to pay costs. This court directs the

---

[1] Paragraph 36 of the complaint actually states "subjecting * * * the City of Sharonville to public exposure, review and criticism." This appears to be a clerical error.

Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal.   Civ.R. 58(B).

Writ granted.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR