[Cite as *State ex rel. Quolke v. Strongsville City School Dist. Bd. of Edn.*, 2013-Ohio-4481.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99733**

## STATE OF OHIO, EX REL.
## DAVID QUOLKE

RELATOR

vs.

## STRONGSVILLE CITY SCHOOL DISTRICT BOARD OF EDUCATION, ET AL.

RESPONDENTS

**JUDGMENT:**
WRIT GRANTED

Writ of Mandamus
Order No. 468670
Motion No. 464050

**RELEASE DATE:** October 7, 2013

**ATTORNEYS FOR RELATOR**

Susannah Muskovitz
William E. Froehlich
Muskovitz & Lemmerbrock, L.L.C.
The BF Keith Building
1621 Euclid Avenue, Suite 1750
Cleveland, OH   44115


**ATTORNEYS FOR RESPONDENTS**

Christian M. Williams
Jacqueline T. Walsh
Pepple & Waggoner, Ltd.
Crown Centre Building
5005 Rockside Road, Suite 260
Cleveland, OH   44131


**Also listed:**

**For Ohio School Boards Association**

Mark Landes
Mark H. Troutman
Andrew N. Yosowitz
Isaac, Wiles, Burkholder & Teetor, L.L.C.
2 Miranova Place
Suite 700
Columbus, OH   43215

SEAN C. GALLAGHER, J.:

**{¶1}** On April 3, 2013, the relator, David Quolke, commenced this public records mandamus action against the respondents, the Strongsville City School District Board of Education ("the Board"); John Krupinski, the superintendent of the Strongsville City School District; David Frazee, the president of the Strongsville Board of Education; and Deborah Herrmann, the treasurer of the Strongsville City Schools.   Quolke commenced this mandamus action during a teacher strike in Strongsville, which lasted from early March 2013 to late April 2013.   He sought the names of the replacement teachers, those teachers' home addresses, their personal telephone numbers, their employee identification numbers, and all payroll information for Strongsville's teachers.

**{¶2}** On April 4, 2013, the respondents provided Quolke with all of the payroll records, but did not provide the names of the replacement teachers, the addresses, phone numbers, or employee identification numbers.   The respondents maintained that the replacement teachers' constitutional rights to privacy and personal safety are state or federal laws prohibiting the release of such information pursuant to R.C. 149.43(A)(1)(v).   The respondents substantiated this position with evidence of threats and violent acts against the replacement teachers during the strike.   Quolke subsequently filed a second amended complaint in which he limited his request to the names of the replacement teachers.

{¶3} After the submission of evidence and briefs, this court on August 21, 2013, granted the writ of mandamus and ordered the release of the replacement teachers' names. This court reasoned that the respondents did not establish that the threats and violent acts continued after the strike. Thus, the respondents did not sustain their burden to prove that the records fell squarely within an exemption, and the records should be released. The court also ruled that Quolke had not fulfilled the requisites for statutory damages. The court further ordered briefing on the issue of attorney fees.

{¶4} Quolke submitted his brief with a supporting affidavit and a "time sheet" of his attorney, Susannah Muskovitz, on September 4, 2013. The respondents filed their brief in opposition on September 18, 2013. Quolke seeks a total of $10,098.75 in attorney fees as follows: two hours billed at $165.00 an hour for the services of Susannah Muskovitz, a principal with the law firm of Muskovitz & Lemmerbrock, L.L.C., and 72 hours billed at $135.00 an hour for the services of William E. Froehlich, an associate with the firm. Initially, this court rules that these rates are reasonable. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 8th Dist. Cuyahoga No. 94226, 2010-Ohio-2108.

{¶5} Both sides agree that R.C. 149.43(C)(2)(b) controls: "If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, the court may award reasonable attorney's fees subject to reduction * * *." The statute clarifies that an award of attorney fees is remedial and not punitive in nature. Thus, the court has discretion to award attorney

fees, but the discretion is to be exercised within certain limitations. First, the requester must have substantially succeeded in the public records mandamus action. *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913. Attorney fees are available only to the extent that the relator actually paid or is obligated to pay an attorney to win the public records action. In-house counsel or pro se representation precludes an award. *State ex rel. Hous. Advocates, Inc. v. Cleveland*, 8th Dist. Cuyahoga No. 96243, 2012-Ohio-1187, ¶ 6. An award of attorney fees is dependent upon showing the release of the records is more for the public benefit than for the requester's benefit. *State ex rel. Dawson v. Bloom-Carroll Local School Dist.,* 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 34; and *State ex rel. Petranek v. Cleveland*, 8th Dist. Cuyahoga No. 98026, 2012-Ohio-2396. The court may reduce the amount of attorney fees pursuant to R.C. 149.43(C)(2)(c) if the custodian, based on the ordinary application of statutory and case law, would reasonably believe that the withholding of the records did not constitute a failure to comply with the statute and that the custodian's actions would serve the public policy that underlies the authority permitting the withholding of the records. The court may also reduce the award to the extent that the time expended did not advance the public records case or was extraneous. *Mun. Constr. Equip. Operators.*

{¶6} The respondents' first argument is that Quolke is not entitled to attorney fees because he is not obligated to pay for them; he has not presented any evidence that he is

personally responsible for the fees. The respondents continue that because Quolke is the president of the Cleveland Teachers Union, that union is really responsible for the bill.

{¶7} However, Muskovitz's affidavit contradicts this argument. In paragraph 6 she states: "My hourly rate for legal services for David Quolke is $165." Paragraph 8 states: "Mr. Froehlich's hourly rate for legal services for David Quolke is $135." Finally, in paragraph 9, Muskovitz swears that the following time sheet "lists fees charged to Mr. Quolke" and "[t]o date, our office billed Relator Quolke for 74.00 hours of work for a total bill of $10,098.75." Moreover, respondents' reliance on *Hous. Advocates*; *State ex rel. O'Shea & Assoc. Co. L.P.A. v. Cuyahoga Metro. Hous. Auth.,* 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297; *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087; and *State ex rel. Besser v. Ohio State Univ.,* 87 Ohio St.3d 535, 721 N.E.2d 1044 (2000), is misplaced. Those cases stand for the principle that attorney fees are not available when the relator is representing himself pro se, including in-house counsel. In the present case, Quolke's lawyers are not in-house counsel; they represent more than just the Cleveland Teachers Union. (Respondents' exhibit N.)

{¶8} Quolke proffers that the release of the replacement teachers' names would allow the public to determine how qualified these individuals were to be teachers. The court rules that this states a sufficient public benefit to support an award of attorney fees. This is the type of record that is necessary to have open to the public to allow the public to evaluate its government. The General Assembly enacted R.C. 149.43, including

provisions for attorney fees, to ensure that these records are available. This benefit also transcends the proffer of ensuring that the government complies with the public records law that necessarily comes with any public record request. Thus, the respondents' reliance on *Petranek,* 8th Dist. Cuyahoga No. 98026, 2012-Ohio-2396, is misplaced.

{¶9} Next, the respondents ask this court in its discretion to disallow attorney fees because their position to withhold the replacement teachers' names was reasonable and promoted various public policies, including physically protecting their employees and ensuring the continued operation of the schools. Whatever the merits of this argument during the strike may have been, the rationale lost its persuasiveness after the strike. The benefit of allowing the public to determine the qualifications of the replacement teachers outweighs the near non-existent risk to the replacement teachers after the strike.

{¶10} Finally, the respondents seek to reduce the amount of the award because some of the time spent did not advance the public records case or was extraneous to the case. In reviewing the time sheet, the court concludes that some reductions are appropriate. First, the court disallows one hour of time from the amount billed on March 28, 2013, for review of newspaper articles about a similar mandamus action and communications with Quolke about those articles. The court disallows one hour of time from the amount billed on April 3, 2013, relating to media inquiries about the mandamus action. The court also disallows 0.75 hours from the time spent on July 12, 2013, and July 24, 2013, relating to news articles. These services are extraneous to the mandamus action, and the respondents should not have to pay for them.

**{¶11}** The court also disallows all of the time spent from April 8, 2013, through April 15, 2013, a total of 13 hours. This time was spent on preparing the first amended complaint and the application for an alternative writ. Because Quolke abandoned the claims in the first amended complaint, except the names of the replacement teachers, this court concludes that it would not be appropriate for the respondents to pay for these hours. Additionally, the court denied the alternative writ. Because Quolke did not prevail on these points, the respondents should not have to pay for them. Nor is it clear how time conferring with a Strongsville teacher necessarily advanced the case. The court further notes that this time was incurred while the strike was still on-going. The rest of the time, including 2.5 hours for a motion for summary judgment, was necessary and appropriate in pursuing a successful public records mandamus action.

**{¶12}** The disallowed 15.75 hours were billed at the rate of $135.00 per hour for a total of $2,126.25. Subtracting $2,126.25 from $10,098.75 leaves a difference of $7,972.50.

**{¶13}** In conclusion, the court issues the writ of mandamus to compel the release of the names of the replacement teachers. The court denies the application for an alternative writ as moot. The court denies the application for statutory damages and awards $7,972.50 in attorney fees. Respondents to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶14}** Writ granted. Final.

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
TIM McCORMACK, J., CONCUR.