Per Curiam.
{¶ 1} This is an appeal from a judgment entered by the Court of Appeals for Guernsey County denying the request of appellant, Beth Rocker, for a writ of mandamus to compel appellee, the Guernsey County Sheriffs Office, to release investigative records relating to a priest who had been investigated for criminal sexual conduct between 1980 and 1992. Rocker claims to have been one of his victims. Because the court of appeals erred in holding that all of the withheld records were exempt from disclosure under the R.C. 149.43(A)(2)(a) uncharged-suspect exception to the Ohio Public Records Act, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.
Facts
{¶ 2} In January 2008, Rocker reported to the sheriffs office that she had been sexually assaulted in the early 1990s, when she was a child. Rocker claimed that the priest of the church she had attended as a child was the perpetrator of the crime. The matter was submitted to a grand jury, but no indictment was returned.
{¶ 3} On October 1, 2008, after the investigation had concluded, Rocker, through counsel, made a public-records request “for the entire contents of the investigative file and any documents reviewed during or related to the investigation.” The sheriffs office provided Rocker with a copy of the incident report, but denied her access to the remaining investigative records.
{¶ 4} A few months later, Rocker filed a complaint in the Court of Appeals for Guernsey County for a writ of mandamus to compel the sheriffs office to provide her with access to “all documents reviewed during, related to, or prepared concerning the criminal investigation” of the suspect. After the sheriffs office filed a response, the court ordered the office to submit copies of all the requested records under seal for an in camera inspection. Pursuant to the court’s order, the parties submitted briefs on whether the various categories of investigative records withheld by the sheriffs office are disclosable under the Public Records Act, R.C. 149.43.
{¶ 5} On December 2, 2009, the court of appeals denied the writ.
*226 Legal Analysis
{¶ 6} “Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio’s Public Records Act.” State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). We construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records. State ex rel. Perrea v. Cincinnati Pub. Schools, 123 Ohio St.3d 410, 2009-Ohio-4762, 916 N.E.2d 1049, ¶ 13.
{¶ 7} “Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception.” State ex rel. Cincinnati Enquirer v. Jones-Kelley, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.
{¶ 8} The sheriffs office claimed, and the court of appeals determined, that the remaining requested records are exempt from disclosure as confidential law-enforcement investigatory records under R.C. 149.43(A)(1)(h) and (2). “The applicability of the R.C. 149.43(A)(2) confidential-law-enforcement-investigatory-record exemption requires, first, that the records pertain to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, and, second, that the release of the records would create a high probability of disclosure of any of the four types of information specified in R.C. 149.43(A)(2).” State ex rel. Ohio Patrolmen’s Benevolent Assn. v. Mentor (2000), 89 Ohio St.3d 440, 444, 732 N.E.2d 969.
{¶ 9} The sheriffs office established the first requirement for the exemption because the records pertain to a law-enforcement matter of a criminal nature. Id. at 445, 732 N.E.2d 969. The investigative records were generated by claims of alleged sexual misconduct by a priest.
{¶ 10} For the second requirement, the court of appeals held that the release of the investigative records would probably reveal the identity of an uncharged suspect under R.C. 149.43(A)(2)(a). The claimed perpetrator of the sexual assault is an uncharged suspect because he has never been charged with a criminal offense. See State ex rel. Musial v. N. Olmsted, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 25 (suspect investigated by police department was an uncharged suspect for purposes of exemption because the grand jury issued a no bill instead of an indictment). “The uncharged suspect exception applies despite the passage of time, the lack of enforcement action, or a prosecutor’s decision not to file formal charges.” State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 30, 661 N.E.2d 180. Public knowledge of the accused and the alleged criminal conduct also does not preclude application of the exemption “because release of *227 the records would subject suspects to additional adverse publicity and might compromise subsequent efforts to resolve the matter.” Ohio Patrolmen’s Benevolent Assn., 89 Ohio St.3d at 447, 732 N.E.2d 969.
{¶ 11} Nevertheless, this exception applies only to those portions of records that, if released, would create a high probability of disclosure of the suspect’s identity. We have held that records are exempt under the uncharged-suspect exception when “the protected identities of uncharged suspects are inextricably intertwined with the investigatory records.” State ex rel. Master v. Cleveland (1996), 76 Ohio St.3d 340, 342, 667 N.E.2d 974.
{¶ 12} The court of appeals determined, in effect, that every part of the requested records was inextricably intertwined with the identity of the priest accused of sexual assault and that the records were thus not subject to disclosure under R.C. 149.43.
{¶ 13} Rocker argues on appeal that the court of appeals “seems to have bypassed a thorough analysis of the nature of each document, and instead focused on references within them to [the suspect].” The sheriffs office, citing Master, 76 Ohio St.3d 340, 667 N.E.2d 974, contends that the court of appeals acted correctly in refusing to compel the disclosure of any part of the withheld investigative records because the suspect’s identity is inextricably intertwined with all of the records.
{¶ 14} We have reviewed the sealed records and conclude that some of the withheld records are subject to disclosure under the Public Records Act because they are not inextricably intertwined with the suspect’s protected identity. For most of these records, if the sheriffs office redacts the priest’s name, the name, location, and diocese of the church where he worked, and other specific identifying information, the disclosure of the records will not create a high probability of disclosure of the priest’s identity. For example, after the priest’s name and specific identifying information are redacted, the call record does not disclose the priest’s identity. Notably, in Master, 76 Ohio St.3d at 342, 667 N.E.2d 974; Ohio Patrolmen’s Benevolent Assn., 89 Ohio St.3d at 448, 732 N.E.2d 969, and Musial, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, at ¶ 29, we did not hold that the claimed uncharged-suspect exemption applied to all the requested records.
{¶ 15} Therefore, the court of appeals erred in concluding that all the withheld investigative records were covered by a blanket uncharged-suspect exemption.
Conclusion
{¶ 16} Based on our independent review of the sealed investigative records, we reverse the judgment of the court of appeals and remand the cause so that the court can review the sealed records and order the disclosure of those records following the redaction of those portions of the record that are subject to the *228 uncharged-suspect exemption, e.g., the priest’s name, his address, the name, location, and diocese of the church where he worked, and other specific, identifying information. By so holding, we adhere to our strict construction of exceptions to the Public Records Act as well as our duty to resolve any doubt in favor of access to public records.
Judgment reversed and cause remanded.
Brown, C.J., and Pfeifer, O’Connor, Lanzinger, and Cupp, JJ., concur.
Lundberg Stratton and O’Donnell, JJ., dissent.