[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Pietrangelo v. Avon Lake,* Slip Opinion No. 2016-Ohio-2974.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-2974

THE STATE OF OHIO EX REL. PIETRANGELO, APPELLANT, *v.* THE CITY OF AVON LAKE ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Pietrangelo v. Avon Lake,* Slip Opinion No. 2016-Ohio-2974.]

*Public records—R.C. 149.43(A)(1)(v)—Exception from disclosure for records subject to attorney-client privilege—Dates, hours, and rates of legal services that are summarized in professional-fee-summary portions of itemized attorney-fee billing statements are inextricably intertwined with privileged narrative portions of the statements describing the services performed—Court of appeals' judgment affirmed.*

(No. 2015-0495—Submitted January 5, 2016—Decided May 17, 2016.)

APPEAL from the Court of Appeals for Lorain County, No. 14CA010571.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Ninth District Court of Appeals granting in part and denying in part a petition for a writ of mandamus filed by relator-appellant, James E. Pietrangelo II, an attorney acting pro se.

{¶ 2} Pietrangelo made a public-records request of appellees, the city of Avon Lake and its law director, for invoices from a law firm for services rendered in connection with pending litigation between Pietrangelo and the city. The city provided him with copies of invoices that set forth the name of the law firm, the general matter for which services were provided, the date of the invoice, the total fees billed for that period, and itemized expenses and disbursements. Invoking the attorney-client privilege and attorney-work-product doctrine, the city redacted

> narrative descriptions of particular legal services rendered, the exact
> dates on which such services were rendered, the particular attorney
> rendering each service, the time spent by each particular attorney on
> a particular day, the billing rate of each particular attorney, the total
> number of hours billed by each particular attorney during the period
> covered by the invoice, and the total fees attributable to each
> particular attorney for the period covered by the invoice.

{¶ 3} Pietrangelo filed a petition for a writ of mandamus in the Ninth District Court of Appeals, requesting an order compelling the city to provide unredacted invoices and awarding statutory damages and attorney fees in the event that he retained counsel.

{¶ 4} Pietrangelo filed a motion to strike portions of the city's answer and for sanctions. The court denied the motion in a one-sentence entry. Pietrangelo and the city filed cross-motions for summary judgment. Unable to determine from the evidence whether either party was entitled to judgment as a matter of law, the

court ordered the city to file unredacted copies of the attorney-fee billing statements under seal.

**{¶ 5}** Following an in camera review, the appellate court determined that the city had disclosed the nonexempt portions of the records with the exception of the portion of each invoice entitled "Professional Fee Summary." Concluding that this portion—describing the hours, rate, and money charged for the services—was not exempt under R.C. 149.43, the court granted a writ of mandamus compelling the city to provide Pietrangelo with copies of the relevant billing statements with the professional-fee summary unredacted. The court denied Pietrangelo's petition in all other respects.

**{¶ 6}** Appellees notified the court on March 19, 2015, that Pietrangelo had been provided with copies of the relevant invoices with the information contained in the professional-fee summary.

**{¶ 7}** This matter is before the court on Pietrangelo's appeal as of right.

**{¶ 8}** "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). This court construes the Public Records Act liberally in favor of broad access and resolves any doubt in favor of disclosure of public records. *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office,* 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6.

**{¶ 9}** R.C. 149.43(A)(1)(v) excludes "[r]ecords the release of which is prohibited by state or federal law" from the definition of "public record." Any exception to disclosure under the Public Records Act is strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. *State ex rel. Cincinnati Enquirer v. Jones-Kelley,* 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.

**{¶ 10}** This court has held that the narrative portions of itemized attorney-fee billing statements containing descriptions of legal services performed by counsel are protected by the attorney-client privilege. *State ex rel. Dawson v. Bloom-Carroll Local School Dist.,* 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 28-29; *see also State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,* 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 36. Other information on the billing statements—e.g., the general title of the matter being handled, the dates the services were performed, and the hours, rate, and money charged for the services—is considered nonexempt and must be disclosed. *State ex rel. Anderson v. Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, ¶ 15.

**{¶ 11}** Pietrangelo contends that the court of appeals erred in denying him mandamus relief that would require appellees to release all the dates of legal services performed and the hours and rates of services, not just the description of that information provided in the professional-fee summary on the invoice. Pietrangelo argues that he is entitled to this information based on *Anderson*, in which this court stated: "Under the Public Records Act, insofar as these itemized attorney-billing statements contain nonexempt information, e.g., the general title of the matter being handled, the dates the services were performed, and the hours, rate, and money charged for the services, they should have been disclosed to Anderson." *Id*.

**{¶ 12}** In *Anderson*, the relator, a former mayor of the city of Vermilion, requested itemized billing statements for legal services rendered to the city at the beginning of the new mayor's term in office. *Id.* at ¶ 2-3. The city denied the entire request on the basis that the requested information was exempt from disclosure under the attorney-client privilege. *Id.* at ¶ 4.

**{¶ 13}** Anderson filed a petition in the court of appeals for a writ of mandamus. The court of appeals denied the writ. This court reversed and

remanded the case for further proceedings, *id.* at ¶ 27, stating that there may be nonexempt information on the itemized billing statements, "e.g., the general title of the matter being handled, the dates the services were performed, and the hours, rate, and money charged for the services," that should have been disclosed to the relator, *id*. at ¶ 15. If so, the relator was entitled to that portion of the billing statements after redaction of the narrative portions that were covered by the attorney-client privilege. *Id*. at ¶ 23.

{¶ 14} Appellees in this case distinguish *Anderson* and rely on *Dawson*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, in which the relator sought billing statements for legal services to the school district for pending litigation involving the relator and her children. *Id.* at ¶ 1. The district provided summaries of the invoices noting the attorney's name, invoice total, and the matter involved but withheld the actual invoices because they contained what it considered to be confidential information. *Id.* at ¶ 2.

{¶ 15} Dawson filed a petition for a writ of mandamus seeking release of the actual itemized statements. This court concluded that the school district properly responded to the relator's request by providing her with summaries of the invoices. *Id*. at ¶ 29. We denied the writ, explaining that "[t]he withheld records [were] either covered by the attorney-client privilege or so inextricably intertwined with the privileged materials as to also be exempt from disclosure." *Id*.

{¶ 16} Appellees maintain that the facts in this case resemble *Dawson.* We agree. Like *Dawson*, the records that Pietrangelo seeks relate to the pending litigation between the parties. If disclosed, Pietrangelo may acquire information that would be useful in his litigation strategy against the city, whereas in *Anderson*, any harm from disclosure of attorney-client communication was remote or speculative.

{¶ 17} Appellees in this case have disclosed all the nonexempt portions of the records, including the information summarized within the professional-fee

summary. To the extent that Pietrangelo requests the dates, hours, and rates not identified in the professional-fee summary, they are inextricably intertwined with the narratives of services that are privileged materials. Such information is exempt from disclosure. *Dawson*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, at ¶ 29.

{¶ **18**} Pietrangelo also contends that the court of appeals erred in denying him statutory damages of $1,000. We agree with the court of appeals that "a large portion of the billing statements at issue in this case w[as] exempt from disclosure and, given the interplay between *Dawson* and *Anderson*, a well-informed public office could reasonably have believed that the nonexempt portion of the billing statements could be withheld from disclosure. *Anderson* at ¶ 26." 9th Dist. Lorain No. 14CA010571, 4-5 (Mar. 11, 2015). The appellate court did not abuse its discretion in denying Pietrangelo's request for statutory damages. *See* R.C. 149.43(C); *see also State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 37 and 40.

{¶ **19**} Finally, Pietrangelo contends that the appellate court erred when it denied his motion seeking sanctions and to strike portions of appellees' answer as frivolous. We do not agree. Pietrangelo failed to establish that he was entitled to the relief requested under Civ.R. 11 and 12(F). The court of appeals did not abuse its discretion when it denied his motion. *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 18.

{¶ **20**} Pietrangelo failed to demonstrate that he is entitled to extraordinary relief in mandamus. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and O'NEILL, JJ., concur.

KENNEDY, J., concurs in part and dissents in part with an opinion that FRENCH, J., joins.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 21} Respectfully, I concur in part and dissent in part. I agree with the majority that the Ninth District Court of Appeals did not err in denying appellant's, James E. Pietrangelo II's motion seeking sanctions and motion to strike portions of the answer of appellees, the city of Avon Lake and its law director. I dissent, however, from the majority's decision affirming the Ninth District's determination as to the exempt portion of the attorney-fee billing statements and the denial of statutory damages. Because the appellate court failed to order the disclosure of *all nonexempt portions* of the public records sought pursuant to R.C. 149.43(B)(1), I would reverse the decision of the appellate court, order the redaction of only the narrative services column of each statement, and order the release of the remaining portions of the statements. Moreover, because Ohio law is settled that only the narrative services portion of an attorney-fee billing statement is privileged and therefore exempt pursuant to R.C. 149.43(B)(1), appellees failed to demonstrate that their redaction of the portions of the public record other than the narrative services column was in compliance with and served the underlying public policy of R.C. 149.43(B). Therefore, I would award statutory damages pursuant to R.C. 149.43(C).

## Facts

*Itemized Attorney-Fee Billing Statements*

{¶ 22} In this case, a review of the sealed records reveals that the itemized attorney-fee billing statements each contain numerous pages. Following the cover page of each statement is a summary-invoice page ("summary"), which is the equivalent of a billing payment stub. The summary contains the following: a header setting forth the name, address, and contact information of the law firm representing appellees ("header"); the name and address of appellee Abraham Lieberman, the

Avon Lake law director; the invoice date and number ("billing designation"); and boilerplate payment instructions.

{¶ 23} Itemization begins on the third page of each statement, continues on subsequent pages, and contains the following: the header and billing designation, the date "legal services [were] rendered as of," and a numerical client and matter designation. Each attorney-fee billing statement is next divided into four separate categories in column form: date, name, services, and hours. Each statement concludes with the total number of hours invoiced, a professional-fee summary, disbursements and expenses (if any), and a total invoice amount.

*Records Provided to Appellant*

{¶ 24} On March 19, 2014, in response to appellant's public-records request, appellees provided him with a redacted copy of each itemized attorney-fee billing statement. Appellees redacted all information except the header and billing designation, the date "legal services [were] rendered as of," the numerical client and matter designation, the amount of total fees, the disbursements and expenses, and the total invoice amount.

**Analysis**

*Mandamus and the Ohio Public Records Act*

{¶ 25} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. "We construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records." *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6.

{¶ 26} For good reason, "[e]xceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an

exception." *State ex. rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. "A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception." *Id.*

*Attorney-Client Privilege Generally*

**{¶ 27}** The Ohio General Assembly has mandated that "[i]f a public record contains information that is exempt * * *, the public office * * * shall make available all of the information within the public record that is not exempt." R.C. 149.43(B)(1). The definition of "public record" for purposes of the Public Records Act excludes "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v).

**{¶ 28}** We have long recognized that state law prohibits the release of the records of communications protected by the attorney-client privilege, *State ex rel. Besser v. Ohio State Univ.*, 87 Ohio St.3d 535, 542, 721 N.E.2d 1044 (2000), and that portions of an itemized attorney-fee billing statement are "covered by the attorney-client privilege," *State ex rel. Taxpayers Coalition v. Lakewood*, 86 Ohio St.3d 385, 392, 715 N.E.2d 179 (1999).

**{¶ 29}** Relying on appellees' argument, the majority seemingly concludes that the relevant distinction between *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, and *State ex rel. Anderson v. Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, regarding what information is subject to disclosure under the Public Records Act is whether litigation is pending between the requestor and the government entity. Relying on this distinction, the majority then concludes that all "nonexempt portions of the records" that appellant requested in this case have been disclosed. Majority opinion at ¶ 17. I disagree.

**{¶ 30}** Whether a public-records requestor and a government entity are engaged in litigation is irrelevant to the question whether information in an itemized

attorney-fee billing statement is privileged and exempt from disclosure. Instead, our case law mandates that the proper focus is on the information sought and whether that information is privileged.

**{¶ 31}** The relevant distinction between *Dawson* and *Anderson* is that in *Dawson*, the school board, in lieu of releasing the itemized attorney-fee billing statements, reduced the nonexempt information to a summary. *Dawson* at ¶ 2. After independent review of the summary and the itemized attorney-fee billing statements, we agreed with the school board that "[n]o further access to the detailed narratives * * * was warranted." *Id*. at ¶ 29. In *Anderson*, the city of Vermilion failed to provide Anderson with any alternative record and denied his public-records request for the itemized attorney-fee billing statement on the basis that the record was exempt from disclosure. *Id*. at ¶ 4.

*Only the Services Column is Privileged and Subject To Redaction*

**{¶ 32}** We have recognized that "the narrative portions of itemized attorney-billing statements containing descriptions of legal services performed by counsel for a client are protected by the attorney-client privilege." *Anderson*, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, at ¶ 13, citing *Dawson*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, at ¶ 28-29, and *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 36. We have instructed appellate courts to conduct an in camera review to determine what information in an itemized attorney-fee billing statement is protected by the attorney-client privilege. *Id*. at ¶ 16. Thereafter, " '[i]f the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released.' " *Id*. (emphasis sic), quoting *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 31, 661 N.E.2d 180 (1996), quoting *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988), paragraph four of the syllabus.

**{¶ 33}** After appellant filed his mandamus action, the Ninth District Court of Appeals conducted an in camera review of the itemized attorney-fee billing statements filed under seal. 9th Dist. Lorain No. 14CA01057, 3 (Mar. 11, 2015). Thereafter, the appellate court ordered the additional disclosure of the professional-fee summary of each statement reflecting the total number of hours each attorney billed in the matter, the attorneys' billing rates, and the amounts billed. *Id*. The appellate court then concluded that since the "billing information that correlates to the narratives"—i.e., the date, attorney name, description, and number of hours for each service—"is summarized within the 'Professional Fee Summary,' * * * those items need not be disclosed." *Id*. at 3-4. In affirming the decision of the appellate court, this court, without explanation, creates a redundancy exception that is beyond the scope of the public policy established by the General Assembly and undermines our precedent.

**{¶ 34}** The General Assembly is the ultimate arbiter of public policy relevant to our public-records laws. *Kish v. Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 44. To that end, the legislature has decided that "*all of the information within the public record that is not exempt*" must be disclosed. (Emphasis added.) R.C. 149.43(B)(1). The General Assembly has not authorized any public entity to make a value judgment on the information contained in the public record sought and withhold nonexempt information that in its view is redundant. Nor has the General Assembly authorized the third branch of government to order that nonexempt information it deems redundant be withheld. And until now, we have never authorized the exercise of such raw judicial power either.

**{¶ 35}** In the past, we have "construe[d] the Public Records Act liberally in favor of broad access and resolve[d] any doubt in favor of disclosure of public records." *Rocker*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, at ¶ 6. Exceptions to disclosure have been "strictly construed against the public-records

custodian." *Cincinnati Enquirer*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, at paragraph two of the syllabus. Even if the appellate court's determination that redundant material is exempt makes good sense, "[a] judicially created 'good sense' rule" cannot override our precedent that only the General Assembly determines public policy as to public-records access. *Id.* at ¶ 44, citing *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 36-37. As we noted in *Anderson* in rejecting the city's argument that the remainder of a redacted document would be "meaningless," there is no "exception to the explicit duty in R.C. 149.43(B)(1) for public offices to make available all information that is not exempt after redacting the information that is exempt." 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, at ¶ 19.

{¶ 36} Moreover, the majority relies on *Dawson* in support of its conclusion that "the dates, hours, and rates not identified in the professional-fee summary" that appellant has requested "are inextricably intertwined with the narratives of services that are privileged materials. Such information is exempt from disclosure." Majority opinion at ¶ 17. However, there is little discussion of how the itemized attorney-fee billing statements in *Dawson* were constituted. The majority's extrapolation of our analysis in *Dawson* to the public records at issue today is disingenuous.

{¶ 37} The itemized portions of the attorney-fee billing statements requested by appellant are not oriented in paragraph form. The date of service, the name of the attorney providing each service, and the hours billed are indicated in separate, independent columns and are not intertwined with the narrative services column. As explained above, the records filed under seal establish four separate, independent columns within the itemized portion of each attorney-fee billing statement. The narrative services column is readily capable of redaction without disturbing the other, nonexempt information.

**{¶ 38}** Because appellees failed to meet their burden to prove that all "the requested records fall squarely within the exception," *Cincinnati Enquirer*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, at paragraph two of the syllabus, I would order the redaction of only the narrative services column in each itemized attorney-fee billing statement and order all remaining portions released.

*Award of Statutory Damages*

**{¶ 39}** In affirming the appellate court's denial of statutory damages, this court adopted the holding of the appellate court that " 'a large portion of the billing statements at issue in this case w[as] exempt from disclosure and, given the interplay between *Dawson* and *Anderson*, a well-informed public office could reasonably have believed that the nonexempt portion of the billing statements could be withheld from disclosure.' " (Brackets sic.) Majority opinion at ¶ 18, quoting 9th Dist. Lorain No. 14CA010571, at 4-5. I disagree.

**{¶ 40}** As explained above, only the narrative services column of each itemized attorney-fee billing statement is subject to redaction.

**{¶ 41}** Moreover, there is no "interplay" between *Dawson* and *Anderson*. In *Dawson*, this court recognized the existence of the law regarding the confidentiality of communications shared within the attorney-client relationship and then examined the exemption contained in R.C. 149.43(A)(1)(v). *Dawson*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, at ¶ 26-27. After considering Ohio and federal appellate decisions stating that the attorney-client privilege extends to the narrative portions of an itemized attorney-fee billing statement describing the services performed, we held that the school board's decision to provide a summary of the information in lieu of the itemized attorney-fee statement was proper. *Id*. at ¶ 28-29.

**{¶ 42}** One year later, in *Anderson*, we cited *Dawson* as holding that "the narrative portions of itemized attorney-billing statements containing descriptions of legal services performed by counsel for a client are protected by the attorney-

client privilege." *Anderson*, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, at ¶ 13, citing *Dawson* at ¶ 28-29 and *McCaffrey*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, at ¶ 36. We found, however, that there was a "crucial fact" that distinguished *Anderson* from *Dawson*. *Id*. at ¶ 23. Specifically, we held that the city of Vermilion had denied Anderson's request and did not provide an alternate record, *id*., whereas in *Dawson*, the claim for the itemized attorney-fee billing statement was moot because the school board had already provided that information in a summary, *Dawson* at ¶ 29.

{¶ 43} The General Assembly has mandated that a person aggrieved by the failure of a public office to provide a public record may bring a mandamus action to obtain the record. R.C. 149.43(C)(1). If the requestor makes the request in writing and the request fairly describes the record or records sought, then the requestor "shall be entitled to recover" statutory damages. *Id.*

{¶ 44} A court may reduce or deny an award of statutory damages if two findings are made. *Id.* First, the court must find that based on "statutory law and case law as it existed at the time * * * a well-informed public office * * * reasonably would believe that [its] conduct * * * did not constitute a failure to comply with [R.C. 149.43(B)]." R.C. 149.43(C)(1)(a). Second, the court must find that "a well-informed public office * * * would believe that the conduct * * * would serve the public policy that underlies the authority that is asserted as permitting that conduct." R.C. 149(C)(1)(b).

{¶ 45} In affirming the appellate court's denial of statutory damages and attorney fees in *Anderson*, we held that "a well-informed public office could have reasonably believed, based on our decision in *Dawson* * * *, that the nonexempt portions of the attorney-billing statements could be withheld from disclosure." 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, at ¶ 26. However, after *Anderson*, the issue of what information is privileged and thereby exempt from disclosure in an attorney-fee billing statement became settled law. Subsequently,

no well-informed public office could reasonably believe that any portion of an attorney-fee billing statement, other than the narrative description of the legal services performed, is subject to redaction.

{¶ 46} As the finding required by R.C. 149.43(C)(1)(a) has not been made, the appellate court was without authority to deny appellant an award of statutory damages. Therefore, as appellees impermissibly redacted information in excess of the narrative services column of each itemized attorney-fee billing statement, I would reverse the appellate court and award appellant statutory damages pursuant to R.C. 149.43(C).

{¶ 47} For all the foregoing reasons, I would affirm the denial of the motion for sanctions and the motion to strike and would reverse the appellate court's exemption determination, order the redaction of the narrative services column of each itemized attorney-fee billing statement, order the release of all remaining information contained in the itemized attorney-fee billing statements, and award statutory damages.

{¶ 48} Accordingly, I respectfully concur in part and dissent in part.

FRENCH, J., concurs in the foregoing opinion.

_____

James E. Pietrangelo II, pro se.

Abraham Lieberman, Avon Lake Law Director, for appellees.

_____