[Cite as *Foulk v. Upper Arlington*, 2017-Ohio-4249.]

| ROBERT C. FOULK | Case No. 2017-00132-PQ |
|---|---|
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| CITY OF UPPER ARLINGTON, OHIO | |
| Respondent | |

{¶1} On January 10, 2017, the Upper Arlington City Council held a special meeting (the Council meeting) pursuant to public notice. (Requester's Exhibit A.) The City Attorney and several other City employees attended (Requester's Exhibit B), as well as one non-employee, Martin Jenkins, who was under an independent personal services contract "to facilitate the 2017 City Council Retreat." (Motion to dismiss; Exhibits 2 and 2-A.) By email dated January 10, 2017, requester Robert Foulk made a request to City Clerk Ashley Ellrod for "the complete audio recording of the 9:00 AM city council meeting being held today, 1/10/2017, at Highbanks Metro Park." (Requester's Exhibit C.) On January 13, 2017, Ellrod acknowledged receipt of the request, and advised that "the audio is under City Attorney Review, as soon as it is available, I will let you know." (Requester's Exhibit D.) On January 19, 2017, Ellrod sent Foulk an email advising,

> a. "The City is providing you a redacted copy of the audio recording from the council retreat held on January 10, 2017. Portions of the recording involving attorney-client privileged information, the release of which is prohibited by state or federal law, have been redacted. R.C. 149.43(A)(1)(v); State ex rel. Nix v. Cleveland, 83 Ohio St.3d 379 (1998). The redacted portions total less than fourteen minutes."

(Requester's Exhibit G.) Foulk responded that he intended to challenge the redactions, and requested that the City maintain the original, unedited copy of the recording until the matter was settled. (Requester's Exhibit H.)

{¶2} On February 6, 2017 Foulk filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B).  Foulk attached copies of the original records request and related correspondence with the City. On February 23, 2017, Foulk submitted a supplemental memorandum in support. On March 21, 2017, mediation was conducted with Foulk and representatives of the City.  The court was notified that the case had not resolved, and mediation was terminated.  On April 4, 2017, the City filed a motion to dismiss pursuant to R.C. 2743.75(E)(2).  The City attached the affidavits of Clerk of Council Ashley Ellrod, City Manager Theodore Staton, and City Attorney Jeanine Hummer.  On April 6, 2017, the court ordered the City to submit, under seal, the unredacted audio recording of the Council meeting.  On April 17, 2017, the City filed a purportedly unredacted audio recording of the Council meeting, along with a Notice of Waiver of Privilege, Filing of Record for In Camera Inspection and Request for Findings of Fact on Outstanding Items (Notice of waiver).  On April 26, 2017, the court ordered the parties to submit additional information and arguments regarding the City's suggestion of mootness, and the timeliness of production of the requested records.  Foulk and the City each filed an additional pleading regarding these issues.

{¶3} R.C.149.43(C) provides that a person allegedly aggrieved by a violation of division (B) of that section may either commence a mandamus action, or file a complaint under R.C. 2743.75.  In mandamus actions alleging violations of R.C. 149.43(B), a relator must establish by "clear and convincing evidence" that they are entitled to relief. *State ex rel. Miller v. Ohio State Hwy. Patrol,* 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14.  As for actions under R.C. 2743.75 alleging violations of R.C. 149.43(B), neither party has suggested that another standard should apply, nor is another standard prescribed by statute. R.C. 2743.75(F)(1) states that such claims are to be determined through "the ordinary application of statutory law and case law * * *."  Accordingly, the

merits of this claim shall be determined under a standard of clear and convincing evidence.

{¶4} R.C. 149.43(B)(1) provides that "upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time." The complaint alleges that the City violated this provision in two ways: first, the city improperly withheld a portion of the requested record, and second, the production of the record "was neither timely nor reasonable." The City contends that it properly withheld (redacted) portions of the recording that constituted attorney-client privileged information. For the reasons below, I conclude that after the complaint was filed but before decision was rendered the City rendered Foulk's claim for production of records moot by providing all existing audio recording of the Council meeting. However, because the attorney-client privilege never applied to the withheld portions, the City violated the requirement of timely production by failing to produce the withheld portions within a reasonable period of time.

### Suggestion of Mootness

{¶5} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, and thereby render the claim for production of records moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, ¶ 18-22. Foulk requested "the complete audio recording" of the January 10, 2017 Council meeting, and the City initially provided access to an audio recording from which fourteen minutes had been redacted. Before the court could render a decision, the City declared that it waived its asserted attorney-client privilege, and directed Ellrod to disclose the full Council meeting recording (Notice of waiver, Exhibit A.) Ellrod attests that on April 11, 2017, "I emailed Robert Foulk the complete and un-redacted audio file from the Council retreat." (Respondent's additional evidence, Exhibit A, ¶ 2.) The City thus presents credible evidence that all records responsive to the request for

"the complete audio recording" of the January 10, 2017 Council meeting have been provided.

{¶6} In his May 8, 2017 Memorandum of Requester, Foulk questions whether the newly proffered audio recording was "complete," noting a forty-nine minute disparity between the meeting duration stated in the minutes, and the length of the "complete and unredacted audio file" provided by Ellrod. (*Id.* at 11-12.) In an affidavit submitted with the City's May 10, 2017 Submittal of Additional Evidence, Ellrod explained that the recording had not captured a portion of the Council meeting:

> b. "The recording previously produced contains the complete and total audio recording of the January 10, 2017 Council Retreat meeting. The tape was not started at the call to order because I was distracted by setting up for the meeting and forgot to turn on the recording device at the start of the meeting."

(*Id.* at ¶ 6.) "Respondents have no duty to create or provide access to nonexistent records." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, ¶ 15; *State ex rel. Cioffi v. Stuard*, 11th Dist Trumbull No. 2009-T-0057, 2011-Ohio-829, ¶ 21-23 (no obligation to provide copy of transcript that was never taken). Considering Ellrod's sworn statement that she inadvertently commenced recording after the Council meeting was in progress, Foulk has not shown by clear and convincing evidence that the City has withheld any additional existing audio recording responsive to the request. A reasonable and good faith belief by a requester, without supporting evidence, does not constitute sufficient evidence to establish that a responsive document exists. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 24-26; *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, ¶ 8.

{¶7} However, provision of all requested records does not render a claim for production moot if the issues raised are capable of repetition, yet evading review. *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000).

c. "This exception [to mootness] applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."

*Id.* Foulk contends that the issues he raises are capable of repetition yet evading review, and points to Resolution No. 2-2017 (Motion to Dismiss, Exhibit A) in which the City asserts that it may apply the attorney-client privilege under the same circumstances at future City Council meetings. This evidence of likely repetition is unrebutted, but it is only one factor to be considered. Foulk does not establish that the threatened redaction of alleged attorney-client communications from recordings of future City Council meetings is an action "too short" to be fully litigated before its cessation or expiration. If the City continues to maintain audiotapes of City Council meetings, future instances of redaction of allegedly privileged communication would be subject to review in this court, or through mandamus, during the period that they are retained. Even if the City makes no audio recording of all or part of an open session of a public meeting, a remedy exists under R.C. 121.22 to compel the creation of adequate minutes and otherwise enforce the openness of the meeting. R.C. 121.22(C); *Mahajan v. State Med. Bd. of Ohio*, 10th Dist. Franklin Nos. 11AP-421, 11AP-422, 2011-Ohio-6728, ¶ 26-27; *White v. Clinton Cty. Bd. of Comm'rs*, 76 Ohio St.3d 416, 420, 667 N.E.2d 1223 (1996); *State ex rel. Patrick Bros. v. Bd. of Putnam Cty. Commr's*, 3rd Dist. Putnam No. 12-13-05, 2014-Ohio-2717, ¶ 33-37.

{¶8} I conclude that Foulk has not established that the "capable of repetition yet evading review" exception applies to this claim. I recommend that the court DISMISS AS MOOT Foulk's claim for production of the complete Council meeting recording.

**Production of Required Records Within a Reasonable Period of Time**

{¶9} Even where a claim for production of records has been satisfied, a separate claim based on the untimeliness of the response persists unless copies of all required

records were made available "within a reasonable period of time." By analogy to mandamus actions under R.C. 149.43(C), even when post-complaint production has rendered the claim moot, "[s]tatutory damages may be awarded if the public record has not been provided promptly. R.C. 149.43(C)(1)." *State ex rel. Cincinnati Enquirer v. Deters*, Slip Opinion No. 2016-Ohio-8195, ¶ 22; *State ex rel. DiFranco v. City of S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-538, ¶ 24. Likewise, if attorney fees are available for a violation based on timeliness the Ohio Supreme Court has held:

> d. "In view of the absence of an express statutory prohibition and the proclivity of some custodians of public records to force the filing of a mandamus action by a citizen to gain access to records that are obviously public, we hold that a court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot."

*State ex rel. Pennington v. Gundler*, 75 Ohio St.3d 171, 174, 661 N.E.2d 1049 (1996); *see also State ex rel. Calvary v. City of Upper Arlington*, 89 Ohio St.3d 229, 232, 729 N.E.2d 1182 (2000).

{¶10} As with mandamus actions, relief is available under R.C. 2743.75 to a person aggrieved by the failure of a public office to timely provide public records as required by R.C. 149.43(B)(1). R.C. 2743.75(F)(3) provides:

> e. (3) If the court of claims determines that the public office or person responsible for the public records denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code and if no appeal from the court's final order is taken under division (G) of this section, both of the following apply:
>
> * * *
>
> f. (b) The aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of

> twenty-five dollars and any other costs associated with the action that are incurred by the aggrieved person, * * *.

Failure to provide copies within a reasonable period of time denies the aggrieved person access to the public records from the time the reasonable period expires, until the records are provided, in violation of R.C. 149.43(B)(1). See *State ex rel. DiFranco*, *supra* at ¶ 19-21. The court must therefore determine whether the City denied timely access to the withheld portions of the Council meeting recording, and whether Foulk is therefore entitled to recovery of the filing fee and other costs incurred.

{¶11} Timeliness of production of records is analyzed under the facts and circumstances of each case. *State ex rel. Shaughnessy v. City of Cleveland*, Slip Opinion at 2016-Ohio-8447, ¶ 8. The requested record in this case was a single audio file. In addition to the time required to create a copy, the City was entitled to the time required to perform any necessary legal review of the request. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, ¶ 17. Shortly after the January 10, 2017 request, the City notified Foulk that it was conducting a legal review. The City concluded the review, performed audio editing, and made the resulting redacted audio file available to Foulk on January 19, 2017.[1] While this initial review and response was timely, I find that the additional 88-day delay between the initial production, and the final production to Foulk of the withheld portions of the recording on April 17, 2017, violated the "reasonable period of time" for production of the withheld fourteen minutes. *See State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994).

### Claimed Exception: Attorney-Client Privilege

{¶12} "Any exception to disclosure under the Public Records Act is strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." *State ex rel. Pietrangelo v. Avon Lake*, 146 Ohio St.3d 292, 2016-Ohio-2974, ¶ 9 (attorney-client privilege). The policy underlying

---

[1] http://www.uaoh.net/egov/documents/1491930417_88678.MP3 - accessed May 19, 2017.

the Public Records Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft*, 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. "We construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records." *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, ¶ 6.

{¶13} The City argues that the withheld communications were protected from disclosure by the common-law attorney-client privilege, which is defined in Ohio as follows:

> g. "Under the attorney-client privilege, '(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.'" (Citations omitted.)

*State ex rel. Leslie v. Ohio Housing Fin. Agency,* 105 Ohio St.3d 261, 2005-Ohio-1508, ¶ 21. The party asserting the attorney-client privilege bears the burden of showing the applicability of the privilege. *MA Equip. Leasing I, LLC v. Tilton*, 10th Dist. Franklin Nos. 12AP-564 and 12AP-586, 2012-Ohio-4668, ¶ 20-22; *Pietrangelo*, *supra*. The parties do not dispute that the withheld communications met criteria (1)-(3) and (5)-(7) of the definition. However, conducting a discussion during an open session of a public meeting under R.C. 121.22 precludes the communication having been made "in confidence." Foulk separately argues that the attorney-client privilege was waived by the presence of a non-essential third party during the communication.

### Communications During an Open Meeting are not Made "In Confidence"

{¶14} Meetings of Ohio's public bodies are profoundly open to public observation. "All meetings of any public body are declared to be public meetings open to the public at

all times."[2] R.C. 121.22(C); *see Bd. of Trs. of the Tobacco Use Prevention & Control Found. V. Boyce*, 185 Ohio App.3d 707, 2009-Ohio-6993, ¶ 64 (10th Dist.). During a meeting, members of the public body may not communicate in confidence by whispering, or by passing notes. *Manogg v. Stickle*, 5th Dist. Licking No. 97CA104, 1998 Ohio App. LEXIS 1961, *4-7. A public body may not shut out latecomers by locking its doors. *State ex rel. Randles v. Hill*, 66 Ohio St.3d 32, 35, 607 N.E.2d 458 (1993). A public body may not vote confidentially by using a secret ballot. 2011 Ohio Op. Att'y Gen. No. 038. Meetings must be held in a public meeting place, *Paridon v. Trumbull Cty. Children Servs. Bd.*, 11th Dist. Trumbull No. 2012-T-0035, 2013-Ohio-881, ¶ 24; *Manogg, supra.*, and preferably located within the geographical jurisdiction of the public body in order to comply with the spirit of the statutory scheme. 1992 Ohio Op. Att'y Gen. No. 032. In case of ambiguity, the Open Meetings Act "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law."[3] R.C. 121.22(A). Public body members thus have no expectation to engage in confidential communication during a public meeting conducted under the Open Meetings Act.

{¶15} A public body may not prohibit the public from recording a public meeting. *McVey v. Carthage Twp. Trustees*, 4th Dist. Athens No. 04CA44, 2005-Ohio-2869, ¶ 14-15; *Kline v. Davis*, 4th Dist. Lawrence Nos. 00CA32, 01CA13, 2001 Ohio App. LEXIS 5598; 1988 Ohio Att'y Gen No. 087. The right to record any public meeting stands in contrast to the criminal offense of interception of oral communications. R.C. 2933.51(B) and 2933.52(A) (third party interception of oral communication is illicit if

---

[2] The Upper Arlington City Charter, *Section XI – Council Meetings* echoes this requirement: "All meetings of Council or its committees shall be open to the public, * * * Any citizen shall have access to public records during usual business hours pursuant to State law."

[3] *I.e.*, specific subject matter discussed in a properly convened executive session, R.C. 121.22(G). The City does not claim that the withheld communications took place in executive session.

the speaker is justified in expectation that the oral communication is not subject to interception.)   There is no requirement that a person be present while recording a meeting, and no reasonable expectation of privacy for communications recorded in open session during a public meeting.

{¶16} To its credit, the City routinely publishes its meeting recordings on its website.[4]   "[T]ape recordings are audio transcripts of the proceedings," *Id.* at 6, and audio recordings can constitute all or part of a public body's means of satisfying the requirements of R.C. 121.22(C) to prepare, file, and maintain minutes.  *White v. Clinton County Bd. of Comm'rs*, 76 Ohio St.3d 416, 423-424, 667 N.E.2d 1223 (1996).  The Upper Arlington City Council has adopted rules anticipating that its meeting recordings may be so used:

> h.  "Audio recordings may be substituted for written minutes provided they are a complete and accurate record of the meeting, the rationale for any decisions, and are in compliance with applicable state law."

Rules of Council, City of Upper Arlington, Ohio, Article II, 6(C).[5]   Once created by a public office, an audio recording of a meeting must be made available for public inspection and copying, and retained in accordance with the terms of the public office's records retention schedule.  2008 Ohio Op. Att'y Gen. No. 019 at 6.  When a public body creates recordings of its public meetings, the recording is a "record" of the public office that "does not fall within any of the public records exceptions listed in R.C. 149.43(A)(1)." *Id.* at 4.

{¶17} Although no executive session was sought for the communications in this case, the parties agree that the attorney-client privilege alone cannot authorize a confidential executive session. *See State ex rel. Hardin v. Clermont Cty. Bd. of Elections*, 12th Dist. Clermont Nos. CA2011-05-045, CA2011-06-047, 2012-Ohio-2569, ¶ 77-78; *Dispatch Printing Co. v. Columbus City Sch. Dist. Bd. of Educ.*, Franklin C.P.

---

[4] http://www.uaoh.net/egov/apps/document/center.egov?view=item;id=4372 – accessed May 17, 2017.
[5] http://www.uaoh.net/egov/documents/1463151086_91858.pdf – accessed May 17, 2017.

No. 12-CV-012707, 2014 Ohio Misc. LEXIS 9085 (Feb. 20, 2014).  Even less, then, is the privilege available during open session.  The General Assembly has limited the circumstance in which a public body can engage in attorney-client communication within executive session to discussion "of pending or imminent court action," R.C. 121.22(G)(3), and in effect required a partial waiver of the attorney-client privilege by the client-public body for any other attorney communication during a meeting. *State ex rel. Cincinnati Enquirer* v. *Hamilton Cty. Bd. of Commrs.*, 1st Dist. Hamilton No. C-010605, 2002 WL 727023, *5; *see also State ex rel. Hardin*, *supra*.  Thus, where a privileged letter had been referred to during a public meeting, the Ohio Supreme Court upheld the privilege against a public records request only by noting that "although the board of education *referred to* the insurance letter at a meeting, it never *disclosed the contents of the letter* at a public meeting." (Emphasis added) *State ex rel. Dawson v. Bloom-Carroll Local Sch. Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, ¶ 31-32.  A public body is not prohibited from soliciting legal advice from its counsel in open session, but doing so implicitly accepts disclosure of the communication.

{¶18} An open meeting is not just conditionally public for those in attendance, but "open to the public *at all times*." R.C. 121.22(C).  For persons who don't have time to attend, the public body's full and accurate minutes, and utilizing tape recording, enable citizens to stay informed about the actions and thoughts of their elected officials.  *White v. Clinton Cty. Bd. of Comm'rs.* at 420.  The City in effect argues that a public body can create ad hoc "privilege gaps" during any open meeting when no members of the public are in physical attendance.  This practice is contrary to the primary Open Meeting Act objective of openness. R.C. 121.22(A), (C); R.C. 1.49(E).  The City's proposed privilege gaps would not require a formal motion or any other indication that they took place, and indeed the City did not reflect its legal discussions with the City Attorney in the minutes of the January 10, 2017 meeting.  Pausing or editing audio recordings would deny the absent public any opportunity to be aware of, let alone challenge, an allegedly privileged

communication.[6]  R.C. 121.22(H) imposes substantial penalties for improper meeting practices, but sanctions could not be enforced against violations committed in a privilege gap if the public body withheld the very existence of those deliberations. However, these consequences are obviated because public meetings are held to be open to the public at all times, and not conditioned on who is in attendance.

{¶19} I conclude that the City has failed to meet its burden of showing that communication with its counsel during a public meeting was made "in confidence." Therefore, the attorney-client privilege was either waived or never attached to the fourteen minutes of communication withheld in this case, and could not be asserted as an exception to release of those portions of the recording.

### Presence of Unnecessary Third Party Negates Confidentiality

{¶20} Separately, "the attorney-client privilege is destroyed by voluntary disclosure to others of the content of the statement." *State v. Post*, 32 Ohio St.3d 380, 385, 513 N.E.2d 754 (1987); Weissenberger, Ohio Evidence, § 501.5.  "If the communication between attorney and client takes place in the presence of a third party, and that third party hears the communication contemporaneously with its being made, then the attorney-client privilege for that information never existed . . ." (quoting *Fed. Elec. Comm'n v. Christian Coalition, 178 F.R.D.* 61, 71 (E.D.Va.1998)) *Flo Pac, LLC v. NuTech*, LLC, 2010 U.S. Dist. LEXIS 131120, *20, (D. Md. Dec. 9, 2010).  An unnecessary third-party's presence "negates the confidentiality element and prevents the communication from ever being deemed confidential, * * *." *Id.* at *21.  The fact that the third party was an "agent" of the client does not preserve the privilege unless the third party's presence is "nearly indispensable or serve[s] some specialized purpose in facilitating the attorney-client

---

[6] At minutes 194:15 through 195:50 (2:47:15 through 2:48:50 online) of the Council meeting recording, a voice reflects on forty-five minutes of seeking legal advice, and "the issue now where some of it is on audio tape."  A voice responds, "We probably should stop the tape for … for practice stop the tape."

communications. Mere convenience is not sufficient." (quoting Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine* at 264 (5th ed. 2007)) *Id.* at *23-24. Examples of third parties who have been considered "necessary" for effective attorney-client communications include: interpreters, menial or ministerial employees, and subject matter experts acting as professional agents, *United States v. Kovel*, 296 F.2d 918, 921-923 (2d Cir.1961); stenographers, *In re Dismissal of Osborn*, 5th Dist. Ashland No. CA-1009, 1992 Ohio App. LEXIS 4364, *6; polygrapher acting as agent of criminal defense counsel, *State v. Post, supra* at 385; and city council members-elect, *Humphries v. Chicarelli*, S.D. Ohio No. 1:10-cv-749, 2012 U.S. Dist. LEXIS 168038, *12-13 (Nov. 27, 2012).

{¶21} Council meeting attendees were categorized in the minutes roll as either "Members," "Staff," or "Others." Facilitator Martin Jenkins[7] was listed under "Others." (Requester's Exhibit B at 1.) City Manager Theodore Staton attested that, "Mr. Jenkins, like other City employees present, was an agent of the city for purposes of facilitating and participating in all aspects of the Retreat." Staton Aff. ¶ 3. However, the City presents no evidence that Jenkins acted as the agent of the Council for the purpose of obtaining legal advice. Jenkins contracted with the City to provide "professional design and facilitation of the 2017 City Council Retreat." (Motion to dismiss, Staton Aff., Exhibit 2-A, ¶ 1-3.) The contract was "for short term independent personal services and not a contract for employment." (*Id.* at ¶ 4.) The contract contained no provision regarding confidentiality. Jenkins was contracted and identified only as a "facilitator," and not as an agent for the purposes of attorney-client communication. There is no evidence that Jenkins' presence was necessary during the communication of legal advice, as opposed to merely convenient. *Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1424 (3d Cir.1991); *Flo Pac, LLC, supra*, *24. The bare assertion

---

[7] The City does not dispute that Jenkins was present during the purported attorney-client communications, and Foulk does not dispute that no other members of the public were present.

by Hummer that "I noted the presence of no non-essential parties" while giving legal advice is insufficient proof that Jenkins was essential.  (Hummer Aff. ¶ 2.)

{¶22} I conclude that the City has not met its burden to show that the claimed common-law attorney-client privilege was not waived (or never attached) by the voluntary disclosure of the communication to an unnecessary third party.   This conclusion is in addition to the preceding conclusion that the communication was not made "in confidence" when spoken during the open session of a public meeting.  Each of these conclusions is independently sufficient to defeat the assertion of attorney-client privilege.

### Complaint of "Incomplete Minutes"

{¶23} Foulk separately claims "incomplete minutes" as a public records access violation in this case.  (Compl., Other.)  The Ohio Open Meetings Act requires that "[t]he minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection."  R.C. 121.22(C).  Minutes of public meetings must provide a full and accurate record.  *Mahajan, supra.*  "[K]eeping full minutes allows members of the public who are unable to attend the meetings in person to obtain complete and accurate information about the decision-making process of their government."  *White v. Clinton Cty. Bd. of Comm'rs*, *supra*.  Incomplete minutes do not comply with the statutory requirements of R.C. 121.22(C).  *State ex rel. Patrick Bros., supra.*

{¶24} Once minutes are prepared, Ohio's Public Records Act requires a public body to permit public access upon request. *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, ¶ 27.  A request for any existing minutes is subject to enforcement under R.C. 2743.75, which grants the Court of Claims special statutory jurisdiction to "resolve disputes alleging a denial of access to public records in violation of division (B) of section 149.43 of the Revised Code."  R.C. 2743(A).  However, a public body's failure to *create* adequate minutes is

not a violation of R.C. 149.43(B).  *State ex rel. Lanham*, *supra*; *State ex rel. Cioffi*, *supra*.  Although overlapping provisions of the statutes are read *in pari materia* to enforce the duty of public bodies to *maintain* a full and accurate record of proceedings, *State ex rel. Long v. Cardington*, 92 Ohio St.3d 54, 56, 748 N.E.2d 58 (2001), the duty to *prepare* minutes is found only in R.C. 121.22(C).  Any person may bring an action for injunctive relief from an alleged violation of R.C. 121.22(C) in the court of common pleas.  R.C. 121.22(I).  R.C. 2743.75 does not confer jurisdiction on the Court of Claims to hear claims arising out of R.C. 121.22.

{¶25} This court thus lacks jurisdiction over, and must dismiss, Foulk's claim for relief regarding "incomplete minutes."  Civ.R. 12(B)(1).

**Conclusion**

{¶26} Upon consideration of the pleadings and attachments, I find that Foulk has established by clear and convincing evidence that the redacted portions of the audio recording of the January 10, 2017 meeting of the Upper Arlington City Council were public records to which no exception applied.  Prior to the decision of the special master, the City disclosed the redacted portions of the requested record, which rendered Foulk's claim for production MOOT.  Accordingly, I recommend that the court issue an order DISMISSING the claim for production of records, but GRANTING Foulk's claim that he was denied access to all requested public records within a reasonable period of time, and which provides that Foulk is entitled to recover from the City the costs associated with this action, including the twenty-five dollar filing fee. R.C. 2743.75(F)(3)(b).

{¶27} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on*

*appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

 

JEFFERY W. CLARK
Special Master

cc:

James C. Becker
4380 Braunton Road
Columbus, Ohio 43220-4304

Mark R. Weaver
Molly R. Gwin
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098

**Filed May 25, 2017**
**Sent to S.C. Reporter 6/13/17**